**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE ZICCARELLI, | No. 2:20-cv-1831 |
| Plaintiff, | (*filed electronically*) |
| v. | |
| THE ALLEGHENY COUNTY BOARD OF ELECTIONS, RICH FITZGERALD, in his official capacity as a Member of the Allegheny County Board of Elections, SAMUEL DEMARCO, in his official capacity as a member of the Allegheny County Board of Elections, BETHANY HALLAM, in her official capacity as a member of the Allegheny County Board of Elections, and KATHY BOOCKVAR, in her official capacity as the Secretary of the Commonwealth of Pennsylvania, | |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff Nicole Ziccarelli ("Ziccarelli"), by and through her undersigned counsel, bring this Verified Complaint against Defendants the Allegheny County Board of Elections (the "Board"), Rich Fitzgerald, Samuel DeMarco, Bethany Hallam, (collectively "Board Defendants"), and Kathy Boockvar ("Secretary") (collectively, the "Defendants"), and in support thereof aver as follows:

## I.   PRELIMINARY STATEMENT

1.     This is an action concerning, *inter alia*, the Pennsylvania Supreme Court's recent decision in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, No. 29 WAP 2020 (filed Nov. 23, 2020), where a majority of the Court concluded that 2,349 signed

but undated mail-in ballots ("Disputed Ballots") in Allegheny County were *invalid*, but where a separate majority of the Court concluded nonetheless that should be *counted*.

2.      Following this decision, the Board announced its intention to convene today, November 25, 2020, to amend the certification of its 2020 General Election results. It is anticipated that the Board will amend its certification to include the Disputed Ballots.

3.      Although the Disputed Ballots will be counted in Allegheny County, ballots with the same defect in other counties, such as Westmoreland County, have not been counted.

4.      As the Supreme Court has recognized, the right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1866).

5.      Yet, the unequal treatment across counties of ballots with the same defect dilutes the power of the vote constitutes a substantive due process and equal protection violation.

6.      Ziccarelli seeks immediate injunctive relief: (a) prohibiting the Board from amending certification of the 2020 General Election Results; and (b) prohibiting the Secretary from receiving the results because of this pending action. Inasmuch as the Board intends to amend its certification today, Ziccarelli's need for relief is immediate.

## II.      **JURISDICTION AND VENUE**

7.      Because this action alleges a violation of the United States Constitution, it raises a federal question, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

8.      Further, declaratory relief is proper pursuant to 28 U.S.C. §§ 2201 & 2202.

9.      Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the present claim occurred in the district.

## III.    PARTIES

10.    Plaintiff Nicole Ziccarelli is the Republican candidate for Senate from the 45th Senatorial District, which encompasses parts of Allegheny and Westmoreland Counties. Ziccarelli is a qualified elector residing in Westmoreland County who voted in person on Election Day, for herself, for Senator in the 45th Senatorial District.

11.    Defendant the Allegheny County Board of Elections is a local governmental agency generally responsible for overseeing the conduct of all elections in Allegheny County. *See* 25 P.S. § 2642 (detailing the powers and duties of the county boards of election); *see also* City of Pittsburgh Charter, Art. X, § 1.10-1006.

12.    Defendant Rich Fitzgerald is a member of the Board.

13.    Defendant Sam DeMarco is a member of the Board.

14.    Defendant Bethany Hallam is a member of the Board.

15.    Defendant Kathy Boockvar is the Secretary of the Commonwealth. The Secretary has duties under the Election Code to, *inter alia*, receive certified results from county boards of election. *See* 25 P.S. §§ 2621 & 3159 (detailing the powers and duties of the Secretary and the Secretary's tabulation of votes upon receipt of certified returns, respectively).

## IV.    FACTUAL ALLEGATIONS

### A.    Background and Facts on Mail-in Ballots

16.    On October 31, 2019, Governor Tom Wolf signed Act 77 of 2019 into law, Act of October 31, 2019, P.L. 552, No. 77, which, among other things, authorized widespread mail-in voting in Pennsylvania, whereby any registered voter could apply for a mail in ballot and vote by submitting the same to the appropriate county board of elections.

17.     Under Pennsylvania's recently implemented mail-in voting regime, any registered elector whose application for a mail-in ballot has been approved, may vote by submitting that ballot to the appropriate county board of elections.

18.     With regard to the voters who have opted to vote by mail-in ballot, Section 3150.16(a) of the Pennsylvania Election Code provides, among other things, that the elector must mark the ballot by eight o'clock p.m. on the day of the election, securely seal it in the secrecy envelope, and place it inside a second envelope bearing a voter declaration form attesting: (i) that the elector is qualified to vote in that particular election; and (ii) that the elector has not already voted in that election (the "Voter Declaration"). *See* 25 P.S. § 3150.16(a).

19.     Section 3150.16(a) provides that "the elector shall . . . fill out, *date* and sign the [Voter Declaration]" prescribed by statute. 25 P.S. § 3150.16 (emphasis added).

### B.     The November 2020 General Election and Counting Ballots

20.     The 2020 General Election was conducted on November 3, 2020, marking the first time a general election was conducted under the mail-in voting regime established by Act 77.

21.     In Allegheny County, an estimated 350,000 mail-in ballots were received by the Board.

22.     In Westmoreland County, an estimated 60,000 mail-in ballots were received by the Westmoreland County Board of Elections.

23.     In Allegheny County, the Board segregated ballots that were signed but undated, the Disputed Ballots (2,349 ballots), and conducted a virtual meeting on November 10, 2020 to consider whether the Disputed Ballots should be set aside as invalid or canvassed in accordance with Section 3146.8 of the Election Code, 25 P.S. § 3146.8.

24.     The Board decided to proceed canvassing the Disputed Ballots.

25.     In Westmoreland County, 343 mail-in ballots containing the identical defect (i.e.,
signed but undated) were not counted.

**C.     Allegheny County Court of Common Pleas Petition for Review and Commonwealth Court Appeal**

26.     On November 12, 2020, Ziccarelli filed a Petition for Review of the Board's
decision to canvass the Disputed Ballots with the Allegheny County Court of Common Pleas.

27.     The trial court conducted a hearing on November 17, 2020, and denied the Petition
for Review and affirmed the Board by Memorandum and Order dated November 18, 2020.

28.     On November 18, 2020, Ziccarelli appealed that decision to the Commonwealth
Court of Pennsylvania. The Commonwealth Court of Pennsylvania reversed and remanded by
decision dated November 19, 2020. *See In re: 2,349 Ballots in the 2020 General Election*, No.
1162 CD 2020, slip op. (Pa. Cmwlth. filed Nov. 19, 2020).

29.     The Board filed a Petition for Allowance of Appeal with the Pennsylvania Supreme
Court, which the Supreme Court granted on November 20, 2020 and docketed at 29 WAP 2020.
The Court then consolidated the Allegheny County appeal with a series of appeals from
Philadelphia County.

30.     On November 23, 2020, prior to the issuance of the Supreme Court's decision in
this matter, the Board certified its election results, *excluding* any certification of the Disputed
Ballots.

**D.     Supreme Court Decision**

31.     On November 23, 2020, the Supreme Court issued the Opinion Announcing
Judgment of the Court (OAJC) in *In Re: Canvass of Absentee and Mail-in Ballots of November 3,
2020 General Election*, No. 29 WAP 2020.

32.     Therein, with respect to the Disputed Ballots, the three justices who joined the OAJC concluded that the Disputed Ballots "were received by the boards of election by 8:00 p.m. on Election Day, so there is no danger that any of these ballots was untimely or fraudulently back-dated." *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, slip op. at 30.

33.     Although acknowledging that the Election Code requires an elector to sign **and date** a ballot, the three justices in joining the OAJC nonetheless determined that such instruction was directive rather than mandatory; thus, an elector's failure to comply with the statutory obligation in this case was not a reason to invalidate the ballots. *Id.*, slip op. at 29-30.

34.     In a concurring and dissenting opinion, which Chief Justice Saylor and Justice Mundy joined, Justice Dougherty expressly disagreed with the three justices on the OAJC about undated ballots, and explained that "the statutory language expressly requires that the elector provide" a date and signature on mail-in ballots. *Id.* (Dougherty, J., concurring and dissenting).

35.     Justice Wecht also filed a concurring and dissenting opinion in which he too concluded that mail-in ballots must be dated, stating that he was "part[ing] ways with the conclusion . . . that a voter's failure to comply with the statutory requirement that voters date the voter declaration should be overlooked as a 'minor irregularity.'" *Id.* (Wecht, J., concurring and dissenting). Justice Wecht reasoned that these requirements for signing and dating a mail-in ballot are "stated in unambiguously mandatory terms, and nothing in the Election Code suggests that the legislature intended that courts should construe its mandatory language as directory." *Id.* (footnote omitted).

36. Thus, between the three justices signing onto Justice Dougherty's opinion and Justices Wecht's opinion, four justices—i.e., a majority—concluded that the Election Code requires mail-in ballots to be date before they can be canvassed.

37. However, despite this, Justice Wecht concluded he would apply his interpretation prospectively, and thus, ultimately, his decision on prospective only relief meant that four justices had voted to reverse the Commonwealth Court.

38. On November 24, 2020, Ziccarelli filed an application for reargument with the Supreme Court that has not yet been ruled upon.

39. Following the Supreme Court's decision in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, the Board announced its intention to amend its certification of the results.

40. Presumably, the Board will include the Disputed Ballots in this amended certification, despite the fact that a majority of the Supreme Court held that ballots not in compliance with these requirements are invalid.

41. Currently, Ziccarelli has 66,012 votes and the Democrat Candidate for the 45th Senatorial District, Jim Brewster, has 65,992 votes, which constitutes a 20 vote lead for Ziccarelli.

42. Upon information and belief, the Disputed Ballots will yield approximately 100 net votes for Jim Brewster.

43. Accordingly, the counting of the Disputed Ballots will change the results of the 2020 General Election for the 45th Senatorial District.

**COUNT I**
**Section 1983 – Equal Protection and One Person, One Vote**

44.     Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

45.     The principle of one person, one vote requires that courts seek to "insure that each person's vote counts as much, insofar … as practicable, as any other person's," *Hadley v. Junior College Dist. Of Metropolitan Kansas City, Mo.*, 90 S.Ct. 791, 794 (1970).

46.     The Equal Protection Clause of the 14th Amendment requires that all persons similarly situated be treated alike.

47.     Voting discrepancies that dilute a qualified elector's right to vote are constitutionally infirm. *Id.*

48.     Nor may a state, "by later arbitrary and disparate treatment, value one person's vote over that of another", including voters in different counties of the same state. *Bush v. Gore*, 121 S.Ct. 525, 530-531 (2000).

49.     The Pennsylvania Supreme Court, by simultaneously ruling that mail-in ballots lacking the statutorily-required date information are invalid, but applying its ruling prospectively, engaged in arbitrary and disparate treatment that treated voters in the 45th Senatorial District differently depending on which of the two counties comprising that District the voter resides. Specifically, as a result of the Court's decision, voters with undated mail-in ballots in Allegheny County will have their ballots counted, while voters with undated mail-in ballots in Westmoreland County will *not* have their ballots counted.

50.     Moreover, Ziccarelli voters who voted in complete compliance with the Election Code in both counties – including Ziccarelli herself – had their votes diluted, as otherwise invalid ballots not counted in Westmoreland County were counted in Allegheny County. In Allegheny County the canvass of the Disputed Ballots would increase Brewster's vote count by an amount

8

that would provide Brewster with an approximate 74 vote lead, which is enough to switch an electoral win for Ziccarelli to a loss.

51.      Based on the Pennsylvania Supreme Court's judgment, mail-in ballots will be counted or not counted based solely on the happenstance of which county election board reviews the ballot. Moreover, the Pennsylvania Supreme Court's arbitrary, prospective grant of relief perpetuated the Constitutional violation, rather than solved it.

52.      As applied, the Pennsylvania Supreme Court's ruling on the handling of now clearly invalid and defective mail-in ballots violates the Constitution's mandate of one person, one vote.

## COUNT II
## Section 1983 – Due Process

53.      Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

54.      The right to vote is *the* "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). "Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society." *Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964).

55.      More than 51,452 residents of Allegheny County cast their ballots for candidate Nicole Ziccarelli in the election for 45th Senatorial District (the "Ziccarelli Voters").

56.      As alleged above, the Board intends to count 2,349 mail-in ballots even though these ballots are invalid.

57.      Specifically, notwithstanding that four justices of the Pennsylvania Supreme Court held this week that the absence of a handwritten date on the declaration of a mail-in ballot invalidates these ballots under the Pennsylvania Election Code, the Board intends to count these ballots.

58.     As a result, the Ziccarelli Voters will have their votes unfairly and improperly diluted because invalid ballots are being counted and included in the vote total.

59.     The votes of the Ziccarelli Voters will be unfairly and improperly diluted because they will have a diminished force and effect due the invalid ballots being counted.

60.     This dilution of the votes of the Ziccarelli Voters violates each such resident's Due Process rights and their fundamental right to vote.

61.     Accordingly, the Board's actions will violate Due Process Clause of the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicole Ziccarelli respectfully requests that this Court render a judgment in her favor and grant the following relief:

(1)     Issue a declaratory judgment that the Board's certification of the 2020 General Election Results to include the Disputed Ballots is unconstitutional as a violation of equal protection and due process provisions of the U.S. Constitution;

(2)     Enjoin the Board and the Board Defendants from amending the certification of the 2020 General Election to include the Disputed Ballots; and

(3)     Enjoin the Secretary from receiving the amended certification pending the outcome of this action.

Respectfully submitted,

Dated: November 25, 2020

/s/ Joshua J. Voss
Joshua J. Voss (No. 306853)
Matthew H. Haverstick (No. 85072)
    *Pro Hac Vice Forthcoming*
Shohin H. Vance (No. 323551)
    *Pro Hac Vice Forthcoming*
James G. Gorman (No. 328376)
    *Pro Hac Vice Forthcoming*
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
jgorman@kleinbard.com

*Attorneys for Plaintiff*

### Verification

I, Nicole Ziccarelli, have authorized the filing of this complaint. I am a citizen of the United States of America, a resident of the Commonwealth of Pennsylvania, and the Republican candidate for Senate from the 45th Senatorial District of the Commonwealth of Pennsylvania. I am a qualified elector residing in Westmoreland County who voted in the 45th Senatorial District. I have personal knowledge of the allegations set forth in the foregoing Verified Complaint, and if called on to testify I would competently testify as to the matters stated herein.

I have reviewed the allegations made in the complaint and the allegations are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on: November 25, 2020 in New Kensington, PA.

Nicole Ziccarelli