## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE ZICCARELLI, | : | No. 2:20-cv-01831-NR |
| | : | |
| Plaintiff, | : | (*filed electronically*) |
| | : | |
| v. | : | |
| | : | |
| THE ALLEGHENY COUNTY BOARD OF | : | |
| ELECTIONS, RICH FITZGERALD, in his | : | |
| official capacity as a Member of the Allegheny | : | |
| County Board of Elections, SAMUEL | : | |
| DEMARCO, in his official capacity as a | : | |
| member of the Allegheny County Board of | : | |
| Elections, BETHANY HALLAM, in her official | : | |
| capacity as a member of the Allegheny County | : | |
| Board of Elections, and KATHY BOOCKVAR, | : | |
| in her official capacity as the Secretary of the | : | |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## FIRST AMENDED COMPLAINT

Plaintiff Nicole Ziccarelli ("Ziccarelli"), by and through her undersigned counsel, brings this First Amended Complaint against Defendants the Allegheny County Board of Elections, Rich Fitzgerald, Samuel DeMarco, Bethany Hallam, (collectively, the "Board"), and Kathy Boockvar ("Secretary"), and in support thereof avers as follows:

## I.   JURISDICTION AND VENUE

1.   Because this action alleges a violation of the United States Constitution, it raises a federal question, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

2.   Further, declaratory relief is proper pursuant to 28 U.S.C. §§ 2201 & 2202.

3.     Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the present claim occurred in the district.

## II.   **PARTIES**

4.     Plaintiff Nicole Ziccarelli is the Republican candidate for Pennsylvania Senate from the 45th Senatorial District, which encompasses parts of Allegheny and Westmoreland Counties. Ziccarelli is a qualified elector residing in Westmoreland County who voted in person on Election Day, for herself, for Senator in the 45th Senatorial District.

5.     The unconstitutional actions of the Defendants complained of herein are the difference between Plaintiff Ziccarelli prevailing or not in the election for Senator representing the 45th Senatorial District.

6.     Defendant the Allegheny County Board of Elections is a local governmental agency generally responsible for overseeing the conduct of all elections in Allegheny County. *See* 25 P.S. § 2642 (detailing the powers and duties of the county boards of election); *see also* City of Pittsburgh Charter, Art. X, § 1.10-1006.

7.     Defendant Rich Fitzgerald is a member of the Board.

8.     Defendant Sam DeMarco is a member of the Board.

9.     Defendant Bethany Hallam is a member of the Board.

10.     Defendant Kathy Boockvar is the Secretary of the Commonwealth. The Secretary has duties under the Election Code to, *inter alia*, receive certified results from county boards of election. *See* 25 P.S. §§ 2621 & 3159 (detailing the powers and duties of the Secretary and the Secretary's tabulation of votes upon receipt of certified returns, respectively).

### III.   FACTUAL ALLEGATIONS

#### A.   Background and Facts on Mail-in Ballots

11.   On October 31, 2019, Governor Tom Wolf signed Act 77 of 2019 into law, Act of October 31, 2019, P.L. 552, No. 77, which, among other things, authorized widespread mail-in voting in Pennsylvania, whereby any registered voter could apply for a mail in ballot and vote by submitting the same to the appropriate county board of elections.

12.   With regard to the voters who have opted to vote by mail-in ballot, Section 3150.16(a) of the Pennsylvania Election Code provides, among other things, that the elector must mark the ballot by eight o'clock p.m. on the day of the election, securely seal it in the secrecy envelope, and place it inside a second envelope bearing a voter declaration form attesting: (i) that the elector is qualified to vote in that particular election; and (ii) that the elector has not already voted in that election (the "Voter Declaration"). *See* 25 P.S. § 3150.16(a).

13.   Section 3150.16(a) provides that "the elector shall . . . fill out, ***date*** and sign the [Voter Declaration]" prescribed by statute. 25 P.S. § 3150.16(a) (emphasis added).

14.   On September 28, 2020, the Secretary of the Commonwealth issued guidance to all boards of election, which provided as follows: "'At the pre-canvass or canvass, as the case may be, the county board of election[] should … [s]et aside any ballots without a filled out, dated and signed declaration envelope.'" *See In Re: 2,349 Ballots in the 2020 General Election (Appeal of Nicole Ziccarelli)*, No. 1162 CD 2020, slip op. at 6 (Pa. Cmwlth. Nov. 19, 2020) (quoting Secretary's guidance).

#### B.   The November 2020 General Election and Counting Ballots in Allegheny County

15.   The 2020 General Election was conducted on November 3, 2020, marking the first time a general election was conducted under the mail-in voting regime established by Act 77.

3

16.     In Allegheny County, an estimated 350,000 mail-in ballots were received by the Board.

17.     The Board received 2,349 ballots where the Voter Declaration was signed but was undated ("the Defective Ballots").

18.     Through a series of decisions described below, the Board adopted as its policy and practice the intentional violation of 25 P.S. § 3150.16(a), as demonstrated by its serial votes to accept and count the Defective Ballots, despite the prohibition in Election Code against doing so, despite guidance from the Secretary against doing so, and despite any court order requiring it to do so.

19.     The Board conducted a virtual meeting on November 10, 2020 to consider whether the Defective Ballots should be set aside as invalid or canvassed.

20.     During the virtual meeting the Board decided, by a vote of 2-1, to proceed with canvassing the Defective Ballots.

21.     The Board made the intentional and purposeful decision, on its own, to count the Defective Ballots despite the mandate from the General Assembly in 25 P.S. § 3150.16(a) requiring a date on the Voter Declaration.

C.     **Allegheny County Court of Common Pleas Petition for Review and Commonwealth Court Appeal**

22.     On November 12, 2020, Ziccarelli filed with the Allegheny County Court of Common Pleas a Petition for Review in the Nature of an Appeal of the Board's intentional decision to canvass the Defective Ballots. *See In Re: 2,349 Ballots in the 2020 General Election*, No. GD 20-011654 (C.P. Allegheny) (captioned by the court as *Ziccarelli v. Allegheny County Board of Elections*).

4

23.     The trial court conducted a hearing on November 17, 2020, and denied the Petition

for Review on November 18, 2020.

24.     The trial court's November 18 Order, stated in total, as follows:

And NOW, this 18th day of November 2020, upon consideration of the Petition for
Review In the Nature Of A Statutory Appeal filed by Nicole Ziccarelli, and any
responses thereto, it is hereby ORDERED that Petitioner's appeal is dismissed and the
decision of the Board of Elections is affirmed.

*See* Memorandum and Order of the Court, No. GD 20-011654 (Exhibit A).

25.     On November 18, 2020, Ziccarelli appealed the Common Pleas Court decision to

the Commonwealth Court of Pennsylvania. *See In Re: 2,349 Ballots in the 2020 General Election*

*(Appeal of: Nicole Ziccarelli)*, No. 1162 CD 2020 (Pa. Cmwlth.)

26.     On November 19, 2020, the Commonwealth Court of Pennsylvania reversed the

trial court's order and remanded for further proceedings. *See* Memorandum Opinion and Order,

No. 1162 CD 2020 (Exhibit B).

27.     In turn, on November 20, 2020,  the Board filed a Petition for Allowance of Appeal

with the Pennsylvania Supreme Court, which the Supreme Court granted on November 20, 2020

and docketed at 29 WAP 2020. The Court then consolidated the Allegheny County appeal with a

series of appeals from Philadelphia County.

       D.     **Pennsylvania Supreme Court Decision**

28.     On November 23, 2020, a split Pennsylvania Supreme Court issued the Opinion

Announcing Judgment of the Court (OAJC) in *In Re: Canvass of Absentee and Mail-in Ballots of*

*November 3, 2020 General Election*, Nos. 31-35 EAP 2020 & 29 WAP 2020 (all opinions of the

Supreme Court attached as Exhibits C-E).

29.     Although acknowledging that the Election Code requires an elector to sign **and**

**date** a ballot, the three justices—i.e., *not* a majority—joining the OAJC nonetheless determined

5

that such instruction was directive rather than mandatory; thus, an elector's failure to comply with the statutory obligation in this case was not a reason to invalidate the ballots. *Id.*, slip op. at 29-30 (Exhibit C).

30.    In a concurring and dissenting opinion, which Chief Justice Saylor and Justice Mundy joined, Justice Dougherty expressly disagreed with the three justices on the OAJC about undated ballots, and explained that "the statutory language expressly requires that the elector provide" a date and signature on mail-in ballots. *Id.* (Dougherty, J., concurring and dissenting) (Exhibit D).

31.    Justice Wecht also filed a concurring and dissenting opinion in which he too concluded that mail-in ballots must be dated, stating that he was "part[ing] ways with the conclusion . . . that a voter's failure to comply with the statutory requirement that voters date the voter declaration should be overlooked as a 'minor irregularity.'" *Id.* (Wecht, J., concurring and dissenting) (Exhibit E). Justice Wecht reasoned that these requirements for signing and dating a mail-in ballot are "stated in unambiguously mandatory terms, and nothing in the Election Code suggests that the legislature intended that courts should construe its mandatory language as directory." *Id.* (footnote omitted).

32.    Thus, between the three justices signing onto Justice Dougherty's opinion and Justices Wecht's opinion, four justices—i.e., a majority—concluded that the Election Code requires mail-in ballots to be dated before they can be canvassed.

33.    However, despite this, Justice Wecht concluded he would apply his interpretation prospectively, and thus, ultimately, his decision on prospective only relief meant that four justices had voted to reverse the Commonwealth Court and reinstate the Allegheny County Court of Common Pleas decision.

34.     The Supreme Court did not enter a standalone order encompassing the results of the three opinions, instead, the following passage from the OAJC announced the formal result as it concerned the Board's treatment of the Defective Ballots: "The decision of the Commonwealth Court is hereby reversed and the decision of the Allegheny County Court of Common Pleas is reinstated." *See* OAJC, slip op. at 34.

35.     Critically, in only "reinstat[ing]" the Allegheny County Court of Common Pleas decision, the Supreme Court did *not* order the Board to canvass the Defective Ballots; this is so because the express order of the Allegheny County Court of Common Pleas only affirmed the Board's independent and intentional decision to canvass the Defective Ballots.

36.     In other words, both the Supreme Court and the Allegheny County Court of Common Pleas *ratified* the independent and intentional decision of the Board to count the Defective Ballots, rather than *ordered* the Board to count them.

37.     Following the Supreme Court's decision, on November 25, 2020, the Board intentionally canvassed and certified the results from the Defective Ballots to Secretary Boockvar, despite a majority of the Supreme Court finding that such ballots were invalid under the Election Code and despite the absence of a court order requiring the Board to count the Defective Ballots.

38.     Further, on or about November 28, 2020, Secretary Boockvar intentionally accepted the certified final returns from the Board concerning the Defective Ballots, despite a majority of the Supreme Court finding that such ballots were invalid under the Election Code and despite the absence of a court order requiring the Board to count the Defective Ballots.

39.     The Board's purposeful and intentional decisions to canvass and certify the Defective Ballots, and the Secretary accepting the same, resulted in Ziccarelli's electoral opponent,

7

candidate Jim Brewster (D), netting an additional 93 votes in the race for the 45th Senatorial District.

40.     In total, the Board certified 57,782 votes for Brewster and certified 51,561 votes for Ziccarelli.

41.     As of the date of this First Amended Complaint, with Allegheny County and Westmoreland County returns totaled, Ziccarelli has 66,121 votes and Brewster has 66,194 votes, which constitutes a 73 vote lead for Brewster, but which should be a 20 vote lead for Ziccarelli if only valid ballots were counted.

42.     The foregoing vote tallies *include* the 93 votes candidate Brewster netted after the Board canvassed and certified the results from the Defective Ballots.

43.     As of the date of this First Amended Complaint, neither Ziccarelli nor Brewster has been declared the winner based on receiving the most votes, *see* 25 P.S. § 3167, nor has Secretary Boockvar has issued a certificate of election to either candidate in the race for the 45th Senatorial District, *see* 25 P.S. § 3164.

44.     The Board's unlawful, intentional decision to count and certify the results of the Defective Ballots, and the Secretary's intentional decision to accept the same, changed the results of the 2020 General Election for the 45th Senatorial District.

### E.     The November 2020 General Election and Counting Ballots in Westmoreland County

45.     In Westmoreland County, an estimated 60,000 mail-in ballots were received by the Westmoreland County Board of Elections for the November 2020 General Election.

46.     The Westmoreland County Board of Elections received 343 mail-in ballots where the Voter Declaration was signed but undated ("the Westmoreland Defective Ballots").

8

47.     On November 13, 2020, a member of the three-member Westmoreland County Board of Elections proposed a motion to count the Westmoreland Defective Ballots, but the motion did not receive a second.

48.     Thus, between November 13, 2020 and November 20, 2020, the Westmoreland Defective Ballots were not counted.

49.     On November 30, 2020, a member of Westmoreland County Board of Elections again proposed a motion to count the Westmoreland Defective Ballots, but the motion again did not receive a second.

50.     Thereafter, on November 30, 2020, the Westmoreland County Board of Elections certified to Secretary Boockvar its final election results, which certification *did not* include any count of the Westmoreland Defective Ballots.

51.     In total, the Westmoreland County Board of Elections certified 8,412 votes for Brewster and certified 14,560 votes for Ziccarelli.

52.     Upon information and belief, Secretary Boockvar intentionally accepted the certified final returns from Westmoreland County.

53.     Thus, persons in Allegheny County who improperly submitted a signed and undated Voter Declaration had their ballots counted for the 45th Senatorial District, whereas identically situated persons in Westmoreland County who improperly submitted a signed but undated Voter Declaration had their ballots not counted for the 45th Senatorial District.

54.     The foregoing led directly to Plaintiff Ziccarelli going from the presumptive winner of the 45th Senatorial District to the presumptive loser.

## COUNT I
## Section 1983 – Equal Protection and One Person, One Vote

55.     Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

56.     The principle of one person, one vote requires that courts seek to "insure that each person's vote counts as much, insofar … as practicable, as any other person's," *Hadley v. Junior College Dist. Of Metropolitan Kansas City, Mo.*, 90 S.Ct. 791, 794 (1970).

57.     The Equal Protection Clause of the 14th Amendment requires that all persons similarly situated be treated alike.

58.     Voting discrepancies that dilute a qualified elector's right to vote are constitutionally infirm. *Id.*

59.     Nor may a state, "by later arbitrary and disparate treatment, value one person's vote over that of another," including voters in different counties of the same state. *Bush v. Gore*, 121 S.Ct. 525, 530-531 (2000).

60.     The Board's intentional and improper decision to count the Defective Ballots yielded arbitrary and disparate treatment, contrary to the Election Code, which had the effect of treating voters in the 45th Senatorial District differently depending on which of the two counties comprising that District the voter resides. Specifically, as a result of the Board's improper decision to count and certify the result of the Disputed Ballots, persons with undated mail-in ballots in Allegheny County will have their ballots counted, while persons with undated mail-in ballots in Westmoreland County will *not* have their ballots counted.

61.     Moreover, persons who voted in complete compliance with the Election Code in both counties—including Ziccarelli herself—had their votes diluted, as identical invalid ballots were not counted in Westmoreland County but were counted in Allegheny County.

10

62.     The Board's handling of invalid and defective mail-in ballots violates the Constitution's mandate of one person, one vote.

63.     Likewise, the Secretary's acceptance of the Board's improperly certified results regarding the Defective Ballots also violates the Constitution's mandate of one person, one vote.

64.     Finally, because the Defective Ballots are invalid under the plain language of the Election Code, as a majority of the Supreme Court agreed, the only proper outcome to remedy the Equal Protection violation is to remove the tally of the Defective Ballots from the final certified election results, since disqualifying such ballots reflects the General Assembly's express intent, whereas qualifying such ballots is against unambiguous legislative will as set forth in the Election Code.

**COUNT II**
**Section 1983 – Due Process**

65.     Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

66.     The right to vote is *the* "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). "Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society." *Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964).

67.     Over 50,000 residents of Allegheny County cast their lawful ballots for candidate Nicole Ziccarelli, as did nearly 15,000 residents of Westmoreland County, including Ziccarelli herself, in the election for 45th Senatorial District (the "Ziccarelli Voters").

68.     As alleged above, the Board counted and certified the results of the Defective Ballots even though these ballots are invalid under the Election Code, under the Secretary's guidance, and under the Pennsylvania Supreme Court's ruling on the merits of the appeal concerning the Defective Ballots.

11

69.     As alleged above, the Secretary accepted the Board's certified results of the count of the Defective Ballots even though these ballots are invalid under the Election Code, under the Secretary's own guidance, and under the Pennsylvania Supreme Court's ruling on the merits of the appeal concerning the Defective Ballots.

70.     As a result, the Ziccarelli Voters have had their votes unfairly and improperly diluted because invalid ballots are being counted and included in the vote total.

71.     The votes of the Ziccarelli Voters have been unfairly and improperly diluted because they have been diminished in force and effect due to the Defective Ballots being counted by the Board, and accepted by the Secretary.

72.     This dilution of the votes of the Ziccarelli Voters violates the Due Process Clause of the Constitution and each voter's fundamental right to vote, which violation has led directly to Ziccarelli going from receiving the most votes, and prevailing, to receiving fewer votes, and not prevailing.

73.     Further, the Defendants' actions in canvassing the Defective Ballots, certifying the results thereof, and accepting the certification effectively changed the rules of the election *after* the election had already been conducted, which further violates the Due Process Clause of the Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicole Ziccarelli respectfully requests that this Court render a judgment in her favor and grant the following relief:

(1)     Issue a declaratory judgment that the Board's certification of the 2020 General Election Results that included the Defective Ballots, and the Secretary's acceptance of the certification, is unconstitutional;

12

(2)     Enjoin the Secretary from certifying any election results regarding the 45th Senatorial District that include the tally of the Defective Ballots;

(3)     Award Plaintiff the cost of prosecuting this action together with attorneys' fees under 42 U.S.C. § 1988; and

(4)     Grant such further relief as is just and proper under the circumstances.

Respectfully submitted,

Dated: December 1, 2020

/s/ Joshua J. Voss
Joshua J. Voss (No. 306853)
Matthew H. Haverstick (No. 85072)
        *Admitted Pro Hac Vice*
Shohin H. Vance (No. 323551)
        *Pro Hac Vice Forthcoming*
James G. Gorman (No. 328376)
        *Pro Hac Vice Forthcoming*
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
jgorman@kleinbard.com

*Attorneys for Plaintiff*