IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE ZICCARELLI, | ) |
| | ) |
| | ) 2:20-cv-1831-NR |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE ALLEGHENY COUNTY BOARD | ) |
| OF ELECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

**AND NOW**, this **14th day of December, 2020**, given the time-sensitive nature of Ms. Ziccarelli's claims, and based on its review of the parties' status reports, ECF 39; ECF 40; ECF 41, the Court hereby **ORDERS** as follows:

**1. Motions and Briefing Schedule.** Ms. Ziccarelli proposes that the Court should resolve her claims on cross-motions for summary judgment after limited, expedited discovery. Defendants and Intervenors argue that the case can be resolved on motions to dismiss, followed by cross-motions for summary judgment only if necessary, and that no discovery should be permitted. After careful consideration, the parties are directed to file cross-motions for summary judgment. If Defendants and Intervenors wish to move for dismissal under Rule 12(b)(6) in lieu of answering the complaint, they should file a combined motion to dismiss and motion for summary judgment raising all arguments for dismissal under both Rule 12(b)(6) and Rule 56. The following briefing schedule shall apply:[1]

    **a.** Ms. Ziccarelli shall file a motion and supporting brief, not to exceed **35 pages**, on **December 23, 2020**. The motion must include a proposed order that identifies, with as much specificity as possible, the precise relief that Ms. Ziccarelli wishes the Court to grant.

---

[1] This briefing schedule is patterned after the four-brief briefing schedule for cross-appeals under Federal Rule of Appellate Procedure 28.1.

     **b.**    Defendants and Intervenors shall file their cross-motions for summary judgment / motions to dismiss and supporting briefs, not to exceed **35 pages**, on **December 30, 2020.** Those briefs shall advance arguments in favor of summary judgment or dismissal, as well as in opposition to Ms. Ziccarelli's motion. The motions should include a proposed order. Unless they indicate otherwise, all Defendants and Intervenors will be deemed to join in the arguments of all other Defendants and Intervenors, without the need to file any formal joinder. Accordingly, they may rely on each other's briefs to address some or all of the relevant issues, if they so desire.

     **c.**    Ms. Ziccarelli shall file an omnibus response brief to Defendants' and Intervenors' motions, not to exceed **15 pages**, which shall both respond to those motions and reply in further support of Ms. Ziccarelli's own motion, by **January 6, 2020**.

     **d.**    Defendants and Intervenors shall file a reply brief in support of their motions, not to exceed **15 pages**, by **January 8, 2020.**

     **e.**    The Court hereby excuses the requirements of Local Rule 56(a). Specifically, the parties need not file separate "concise statements" of material fact or responsive concise statements. Instead, the parties should confer in an attempt to agree to a joint stipulation of material facts and / or include a "facts" section in their briefs setting forth a narrative of the facts that the filing party contends are undisputed and material, including any facts which for purposes of the summary judgment motions only are assumed to be true. The parties should cite to a particular part of the record supporting each statement of fact in the brief.

     **f.**    The parties shall each separately prepare an appendix containing any portions of the record that the parties wish to direct to the Court's attention in their briefing. Any appendix that is filed must begin with a table

of contents identifying the corresponding exhibit number for each document. When filing these appendices on ECF, the parties must file the table of contents as the "main document" and each document within the appendix as a ***separate*** "exhibit."

**2.    Limited, Expedited Discovery.**  Given the nature of Ms. Ziccarelli's claims, the compressed timeline, and interests of relevance, cost, and proportionality, the Court will not authorize discovery prior to the filing of the parties' cross-motions beyond the exchange of initial disclosures, which the Court will order the parties to exchange on an expedited basis.  The parties shall also produce any documents encompassed within their initial disclosures, which would include documents upon which the parties will rely in their summary-judgment motions (excluding any witness declarations, which may be "produced" when filed with any party's brief). While Ms. Ziccarelli seeks permission to serve other, unspecified discovery requests, she also acknowledges that the relevant "set of facts" can largely be stipulated to and argues that "there remains primarily one open legal issue in this matter … whether the remedy for the constitutional violation identified in the original complaint … is to 'level up' or 'level down.'" ECF 39, pp. 2, 6-7.  This suggests that there are likely to be no factual disputes here, and very little fact discovery required.  Indeed, the claims articulated in the complaint present pure questions of law, challenging the legality of a discrete and readily identifiable class of ballots, and, in the Court's view, requiring no factual development beyond recognition of the decisions by the Allegheny County and Westmoreland County Boards of Elections on whether those ballots should count, as well as the related decision of the Pennsylvania Supreme Court.  Additionally, it has been almost three weeks since the Court denied Ms. Ziccarelli's motion for a temporary restraining order, and she did not move for expedited discovery at any point during that time—which is an additional basis for limiting discovery here.

Accordingly, the Court will exercise its discretion and limit pre-summary-judgment discovery to the expedited exchange of initial disclosures, and production of documents regarding the same. *See Superior Offshore Int'l, Inc. v. Bristow Grp., Inc.*, 490 F. App'x 492, 500 (3d Cir. 2012) ("We typically afford trial courts broad discretion to regulate discovery. … in order to overturn a district court's ruling to limit discovery, we must generally conclude that there has been an interference with a substantial right, ... or that the discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.") (cleaned up).

The parties shall exchange initial disclosures and produce documents regarding the same by **December 21, 2020.** Initial disclosures and documents shall be produced to and served on all parties to this action. The Court also orders the parties to confer and reach a joint stipulation as to any material facts by that date. No other discovery will be authorized.

DATED: December 14, 2020                BY THE COURT:

                                        /s/ *J. Nicholas Ranjan*
                                        United States District Judge