IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE ZICCARELLI,
    *Plaintiff*,

v.

THE ALLEGHENY COUNTY BOARD
OF ELECTIONS, *et al.*,
    *Defendants*.

Case No. 2:20-cv-01831-NR

## MOTION OF LEADERS OF THE PENNSYLVANIA GENERAL ASSEMBLY FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT

Jake Corman, Pennsylvania Senate President Pro Tempore; Kim Ward, Pennsylvania Senate Majority Leader; Bryan Cutler, Speaker of the Pennsylvania House of Representatives; and Kerry Benninghoff, Pennsylvania House Majority Leader (hereinafter "the Legislative Leaders"), respectfully ask this Court for leave to file the attached *amicus* brief in support of Plaintiff.[1]

### INTEREST OF PROPOSED AMICI CURIAE[2]

The Legislative Leaders bring this brief as *Amici Curiae* in support of their authority as members of a state legislative body under the U.S. Constitution, and respectfully move for leave of Court to file the accompanying *amicus* brief in support of Plaintiff. *Amici* ask this Court to affirm the grant of authority to state legislatures, and not to courts or local election boards, under the U.S. Constitution's Election Clause.

This brief will be helpful as *Amici Curiae* assert that the Pennsylvania General Assembly, of which all *amici* are members, has the authority as Pennsylvania's legislature to prescribe the "Times, Places, and Manner of holding elections" under Article I, § 4, cl. 1 of the U.S. Constitution. The

---

[1] Plaintiff consents to the filing of this brief. Defendant Kathy Boockvar takes no position on the filing of this brief. As of filing, all other Defendants failed to respond to proposed *amici's* request for consent.

[2] No party's counsel authored the attached brief in whole or in part, and no one other than *amici* and its counsel contributed money to fund the brief's preparation or submission.

1

Allegheny County Board of Elections, aided by the Supreme Court of Pennsylvania, usurped the authority of the Pennsylvania General Assembly by effectively rewriting Pennsylvania's duly enacted election regulations. Therefore, this Court should affirm the grant of authority to state legislatures under the U.S. Constitution's Elections Clause and disclaim state supreme courts and local officials from usurping that authority for themselves. *Amici Curiae* request that their motion to file the attached *amicus* brief be granted.

## SUMMARY OF THE ARGUMENT

The decision whether to accept an *amicus* brief "is within the sound discretion of th[e] Court," and "[t]here are no strict rules governing amicus curiae at the trial level." *Goldberg v. City of Phila.*, 1994 U.S. Dist. LEXIS 9392, at *1-2 (E.D. Pa.). In the appellate context, Federal Rule of Appellate Procedure 29(a) outlines two ways in which an interested party can file an *amicus* brief: "if all parties consent or if the court grants leave." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002). The proposed brief must simply state: "(1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Id.* at 131.

When exercising their discretion, courts "err on the side of granting leave." *Neonatology Assocs., P.A*, 293 F.3d at 133; *see also Abu-Jamal v. Price*, 1995 U.S. Dist. LEXIS 20974, at *6 (W.D. Pa. 1995) (noting that even in a case where there existed precedent supporting a denial of an *amicus* motion, "[t]here does not seem to be … precedent which *compels* that result"). As then-Judge Alito explained, "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Id.*

Here, too, the Legislative Leaders' brief will be "useful" to the Court. *Neonatology Assocs., P.A.*, 293 F.3d at 132. The Legislative Leaders' brief makes two major points. First, the brief explains how the Elections Clause of the U.S. Constitution vests state legislatures with the authority for crafting regulations concerning the "Times, Places, and Manner of holding elections." Second, the Legislative Leaders' brief explains how in 2019 the Pennsylvania General Assembly passed, and the Governor signed, a new election law that reformed voting procedures in the Commonwealth. Both points are directly relevant to the issues in this case, because they show that (1) the Pennsylvania General Assembly had the authority to prescribe election rules and (2) it lawfully exercised that authority in enacting Act 77 of 2019. The Legislative Leaders' presentation of these points will be especially helpful to the Court because the Legislative Leaders are among those individuals in the current session of the General Assembly that passed Act 77.

With these two arguments in their brief, the Legislative Leaders will fulfill the primary purpose of *amici curiae*: "to assist the Court in reaching the right decision in a case affected with the interest of the general public.'" *Wharton v. Vaughan.*, 2020 U.S. Dist. LEXIS 24816, at *14 (E.D. Pa.) (quoting *N.J. Prot. & Advocacy, Inc. v. Twp. of Riverside*, 2006 U.S. Dist. LEXIS 56478, at *5 (D.N.J.). Even if Plaintiff's brief touches on some of the same issues, the Legislative Leaders' brief is proper because it "provid[es] supplementary assistance to existing counsel and ensur[es] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974).

Finally, as members of the state legislative body that passed the statute which the Allegheny County Board of Elections and the Pennsylvania Supreme Court ignored, the Legislative Leaders have a special interest in this case that is not currently represented. *Feesers, Inc. v. Michael Foods, Inc.*, 2006 U.S. Dist. LEXIS 103917, at *3 (M.D. Pa.) (noting the "special interest" factor as a relevant

consideration while acknowledging that in the Third Circuit the factor is "not dispositive"). The Legislative Leaders are better situated than any party in this case to opine upon the meaning of the law that they passed.

## CONCLUSION

For all these reasons, the Court should grant this motion and allow the Legislative Leaders to file the attached *amicus* brief.

Respectfully submitted,

Dated: December 23, 2020

/s/ *Zachary M. Wallen*
Zachary M. Wallen
Pennsylvania Bar No. 309176
CHALMERS & ADAMS LLC
301 South Hills Village Drive
Suite LL200-420
Pittsburgh, PA 15241
(412) 200-0842
(412) 235-5001 (fax)
ZWallen@cpblawgroup.com

Jason B. Torchinsky*
Dallin B. Holt*
HOLTZMAN VOGEL
  JOSEFIAK TORCHINSKY PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808
(540) 341-8809 (fax)
JTorchinsky@hvjt.law
DHolt@hvjt.law

*Counsel for Amici Curiae*
*Jake Corman, Pa. Senate Pro Tempore*
*Kim Ward, Pa. Senate Majority Leader*
*Bryan Cutler, Pa. House Speaker*
*Kerry Benninghoff, Pa. House Majority Leader*

*\* Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I filed this motion and accompanying documents with the Court via ECF, which will electronically notify all counsel of record.

Dated: December 23, 2020             /s/ *Zachary M. Wallen*
                                    *Counsel for Amici Curiae*