IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE ZICCARELLI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-1831-NR |
| v. | ) | |
| | ) | |
| THE ALLEGHENY COUNTY | ) | |
| BOARD OF ELECTIONS, et al. | ) | The Honorable J. Nicholas Ranjan |
| | ) | |
| Defendants. | ) | |

### INTERVENORS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 56(a), Intervenors, the Pennsylvania Democratic Party and James Brewster, a candidate for Senator in Pennsylvania's 45th Senatorial District (the "Intervenors"), by and through counsel, file this Motion to Dismiss, or in the alternative, Motion for Summary Judgment seeking dismissal of the Amended Complaint filed by Nicole Ziccarelli ("Ms. Ziccarelli" or "Plaintiff") (the "Motion"). In support thereof, Intervenors incorporate by reference their Brief in Support of Dismissal, or, in the Alternative, Summary Judgment ("Brief").

As set forth in Intervenors' Brief, this Court should dismiss Ms. Ziccarelli's Amended Complaint under the *Rooker-Feldman* doctrine because this Court lacks subject-matter jurisdiction to overturn a decision of the Pennsylvania Supreme Court. Further, this Court should dismiss Ms. Ziccarelli's Amended Complaint for

lack of subject-matter jurisdiction because Plaintiff does not have standing to complain about alleged constitutional violations where she encouraged the very outcome of which she now complains and consciously failed to add the Westmoreland County Board of Elections – an indispensable party – as a defendant.

Additionally, Ms. Ziccarelli's claims are moot because the Secretary has already certified the election results and Plaintiff failed to exhaust Election Code procedures to prevent that certification.  Finally, this Court should dismiss Ms. Ziccarelli's Amended Complaint because she fails to state a viable federal constitutional claim and misapplies the "level up/level down" analysis with respect to her equal protection claim.

In light of the foregoing, this Court should dismiss Plaintiff's Amended Complaint, with prejudice, or in the alternative, award summary judgment in favor of Intervenors and against Plaintiff.

        Respectfully submitted,

        DENTONS COHEN & GRIGSBY P.C.

Dated: December 30, 2020
3518586.v1

        By  */s/ Clifford B. Levine*
           Clifford B. Levine
           Pa. Id. No. 33507
           Alex M. Lacey
           Pa. Id. No. 313538
           Kyle J. Semroc
           Pa. Id. No. 326107
           625 Liberty Avenue, 5th Floor
           Pittsburgh, PA  15222-3152
           (412) 297-4900

ATTISANO & ROMANO, LLC
  Marco S. Attisano
  Pa. Id. No. 316736
429 Fourth Avenue, Suite 1705
Pittsburgh, PA 15219
(412) 336-8622

Lazar M. Palnick
Pa. Id. No. 52762
1216 Heberton Street
Pittsburgh, Pennsylvania 15206
(412) 661-3633

On behalf of the Pennsylvania Democratic Party and James Brewster, Intervenors

## **RULE 12 CERTIFICATION**

I hereby certify that Intervenors have conferred with Plaintiff's counsel, and that Intervenors do not believe that the deficiencies raised in their Motion to Dismiss could be cured by amendment.

*/s/ Clifford B. Levine*
Clifford B. Levine