# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE ZICCARELLI, | : | No. 2:20-cv-01831-NR |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE ALLEGHENY COUNTY BOARD OF | : | |
| ELECTIONS, RICH FITZGERALD, in his | : | |
| official capacity as a Member of the | : | |
| Allegheny County Board of Elections, | : | |
| SAMUEL DEMARCO, in his official | : | |
| capacity as a member of the Allegheny | : | |
| County Board of Elections, BETHANY | : | |
| HALLAM, in her official capacity as a | : | |
| member of the Allegheny County Board of | : | |
| Elections, and KATHY BOOCKVAR, in | : | |
| her official capacity as the Secretary of | : | |
| the Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## STIPULATED UNDISPUTED FACTS

Per the Court's Scheduling Order of December 14, 2020 (doc. 43) and per FRCP 56(c)(1)(A), the parties, by and through the undersigned counsel, do hereby stipulate and agree that the following facts are undisputed. The parties reserve all objections, including relevancy, to introduction of these facts.

1. Nicole Ziccarelli is the Republican candidate for Pennsylvania Senate District 45 in the 2020 General Election.

2. Ziccarelli is a qualified elector residing in Westmoreland County who voted in person on Election Day, for herself.

3.      James Brewster is the Democratic candidate for Pennsylvania Senate District 45 in the 2020 General Election.

4.      Pennsylvania Senate District 45 covers part of Allegheny County and part of Westmoreland County.

5.      The Allegheny County Board of Elections is generally responsible for overseeing the conduct of all elections in Allegheny County.

6.      The Allegheny County Board of Elections has three members.

7.      Rich Fitzgerald is a member of the Allegheny County Board of Elections.

8.      Samuel DeMarco is a member of the Allegheny County Board of Elections.

9.      Bethany Hallam is a member of the Allegheny County Board of Elections. For purposes of these stipulations, Defendants the Allegheny County Board of Elections, Rich Fitzgerald, Samuel DeMarco and Bethany Hallam are collectively referred to as "the Allegheny Board."

10.      The Westmoreland County Board of Elections is generally responsible for overseeing the conduct of all elections in Westmoreland County.

11.      Kathy Boockvar is the Secretary of the Commonwealth of Pennsylvania.

12.      The Secretary of the Commonwealth has duties under the Election Code to, among other things, receive certified election returns from county boards of election and to issue certificates of election.

30.     All 2,349 undated mail-in/absentee ballots were returned to the Allegheny Board by 8:00 p.m. on election day.

31.     Concerning just Senate District 45, the Allegheny Board received 311 mail-in/absentee ballots from the 2020 General Election that did not have a dated voter declaration (hereafter, "the Allegheny District 45 Undated Mail-in Ballots").

32.     The Allegheny District 45 Undated Mail-in Ballots contained 202 votes for Brewster and 109 votes for Ziccarelli, a difference of 93 votes in favor of Brewster.

33.     On November 10, 2020, the Allegheny Board decided during a meeting, by a vote of 2-1, to count the undated mail-in/absentee ballots, including the Allegheny District 45 Undated Mail-in Ballots.

34.     On November 12, 2020, Ziccarelli filed with the Allegheny County Court of Common Pleas a Petition for Review in the Nature of an Appeal of the Allegheny Board's decision to count the Allegheny District 45 Undated Mail-in Ballots. *See In Re: 2,349 Ballots in the 2020 General Election*, No. GD 20-011654 (C.P. Allegheny) (captioned by the court as *Ziccarelli v. Allegheny County Board of Elections*).

35.     The trial court conducted a hearing on November 17, 2020, and denied the Petition for Review on November 18, 2020.

36.     The trial court's November 18 Order, stated in total, as follows:

And NOW, this 18th day of November 2020, upon consideration of the Petition for Review In the Nature Of A Statutory Appeal filed by Nicole Ziccarelli, and any responses thereto, it is hereby ORDERED

5

44.     On November 24, 2020, Ziccarelli filed an Emergency Application for Reargument with the Pennsylvania Supreme Court. On November 25, 2020, the Pennsylvania Supreme Court denied Ziccarelli's Application. Attached hereto as Exhibit G, is a true, correct, and authentic copy of the Application and the Order denying that Application.

45.     On November 25, 2020, the Commonwealth Court issued a single judge memorandum opinion in *In re Canvass of Absentee and/or Mail in Ballots of November 3, 2020 General Election (Appeal of Donald J. Trump for President, Inc.)*, No. 1191 C.D. 2020 (Nov. 25, 2020).

46.     Attached hereto as Exhibit H, is a true, correct, and authentic copy of the unpublished decision.

47.     Ziccarelli has not appealed the November 23, 2020 Pennsylvania Supreme Court decision to the Supreme Court of the United States.

48.     At no point in the *In Re: 2,349 Ballots in the 2020 General Election (Appeal of: Nicole Ziccarelli)* proceedings did Ziccarelli raise equal protection or due process concerns related to possible disparate treatment between Allegheny and Westmoreland Counties.

49.     At no point in time on or before November 23, 2020 did any group file a recount or contest for Pennsylvania Senate District 45.

50.     Prior to November 23, 2020, the Allegheny Board counted the Allegheny District 45 Undated Mail-in Ballots.

7

51.     On November 23, 2020, the Allegheny Board certified the results of the 2020 General Election, which results included a separate tally of the undated ballots which were not included in the overall total votes counted.

52.     On November 25, 2020, the Allegheny Board approved an amended certification which included the undated ballot totals and submitted that amended certification to Secretary Boockvar. The total votes for Senate District 45 from the 2020 General Election were as follows: 57,782 votes for Brewster and 51,561 votes for Ziccarelli. This certification included the 311 Allegheny District 45 Undated Mail-in Ballots.

53.     Without the Allegheny District 45 Undated Mail-in Ballots, the Allegheny Board would have certified 57,580 votes for Brewster and 51,452 votes for Ziccarelli, as indicated in the initial November 23, 2020 certification.

54.      Secretary Boockvar received the Allegheny Board's amended final certification, inclusive of the Allegheny District 45 Undated Mail-in Ballots.

55.     The final tabulated vote totals in Senate District 45 from Allegheny County, which included certain ballots that were received by the Board between 8:00 p.m. on election day and 5:00 p.m. on Friday, November 6 and counted in accordance with an Order of the Pennsylvania Supreme Court, were 57,815 votes for Brewster and 51,588 votes for Ziccarelli. This total includes the 311 Allegheny District 45 Undated Mail-in Ballots.

56.     In Westmoreland County, approximately 60,000 mail-in/absentee ballots were received by the Westmoreland County Board of Elections for the 2020 General Election.

57.     The Westmoreland County Board of Elections received 343 mail-in/absentee ballots where the voter declaration was signed but undated ("the Westmoreland Undated Mail-in Ballots"). The Westmoreland County Board of Elections did not determine how many of the 343 mail-in/absentee ballots were in Pennsylvania Senate District 45.

58.     On November 13, 2020, Commissioner Gina Cerelli, a member of the three-member Westmoreland County Board of Elections, proposed a motion to count the Westmoreland Undated Mail-In Ballots, but the motion did not receive a second.

59.     Between November 13, 2020 and November 30, 2020, the Westmoreland Undated Mail-in Ballots were not counted.

60.     On November 30, 2020, counsel for both Ziccarelli and the Intervenors appeared before the Westmoreland County Board of Elections. The morning of November 30, 2020, in anticipation of the Westmoreland County Board of Elections meeting, counsel for the Intervenors provided the Board with a letter explaining why the Westmoreland Undated Mail-In Ballots should be counted. Attached hereto as Exhibit I, is a true, correct, and authentic copy of the Letter.

61.     Before the Westmoreland County Board of Elections, counsel for Intervenors requested that the Westmoreland County Board of Elections count the

Westmoreland Undated Mail-in Ballots in light of the Pennsylvania Supreme Court's decision and this Court's guidance.

62.     Before the Westmoreland County Board of Elections, both counsel for Ziccarelli and the Chair of the Westmoreland County Republican Party requested that the Westmoreland County Board of Elections not count the Westmoreland Undated Mail-in Ballots.

63.     Attached hereto as Exhibit J, is a true, correct, and authentic copy of the minutes of the November 30, 2020 Westmoreland County Board of Elections.

64.     On November 30, 2020, Commissioner Gina Cerelli again proposed a motion to count the Westmoreland Undated Mail-In Ballots, but the motion again did not receive a second.

65.     On November 30, 2020, the Westmoreland County Board of Elections certified to Secretary Boockvar its final election results, which certification did not include any count of the Westmoreland Undated Mail-In Ballots.

66.     Neither Brewster nor Ziccarelli appealed the Westmoreland County Board of Elections decision to the Westmoreland County Court of Common Pleas related to the counting of Westmoreland Undated Mail-In Ballots.

67.     In total, the Westmoreland County Board of Elections certified 8,412 votes for Brewster and 14,560 votes for Ziccarelli.

68.     Secretary Boockvar received the Westmoreland County Board of Elections final certification, which excluded the Westmoreland Undated Mail-In Ballots.

10

69.     The final tabulated vote totals in Senate District 45 from Westmoreland County, which included certain ballots that were received by the Board between 8:00 p.m. on election day and 5:00 p.m. on Friday, November 6 and counted in accordance with an Order of the Pennsylvania Supreme Court, were 8,446 votes for Brewster and 14,604 votes for Ziccarelli. This total does not include any of the Westmoreland Undated Mail-In Ballots.

70.     Combining the Allegheny County and Westmoreland County final totals from the 2020 General Election, Brewster received 66,261 votes and Ziccarelli received 66,192 votes, a difference of 69 votes in favor of Brewster.

71.     If the Allegheny District 45 Undated Mail-in Ballots were removed from the final votes for Brewster and Ziccarelli from Allegheny and Westmoreland Counties, Brewster would receive 66,059 votes and Ziccarelli would receive 66,083 votes, a difference of 24 votes in favor of Ziccarelli.

72.     On December 16, 2020, Secretary Boockvar certified the general election results for the offices of Attorney General, Auditor General, State Treasurer, State Senator and State Representative. Attached hereto as Exhibit G, is a true, correct, and authentic copy of the December 16, 2020 email from the Department of State to the county Boards of Elections with attachments, including the certification.

73.     By December 16, 2020, any and all appeals of decisions of the Allegheny and/or Westmoreland County Boards of Elections had been resolved and/or exhausted under the Pennsylvania Election Code.

11

EXHIBIT G

**[J-118F-2020]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: 2,349 BALLOTS IN THE 2020 GENERAL ELECTION | : | No. 29 WAP 2020 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ALLEGHENY COUNTY BOARD OF ELECTIONS | : | |
| | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 25th day of November, 2020, the Emergency Application for Reargument by Nicole Ziccarelli, filed on November 24, 2020, is hereby **DENIED**

    Chief Justice Saylor and Justice Mundy note their dissent.

A True Copy Patricia Nicola
As Of 11/25/2020

Attest: _Patricia Nicola_
Chief Clerk
Supreme Court of Pennsylvania

Case 2:20-cv-01831-NR   Document 54-13   Filed 12/30/20   Page 12 of 37
Case 2:20-cv-01831-NR   Document 45-13   Filed 12/30/20   Page 12 of 37
Received 11/24/2020 8:52:00 AM Supreme Court Western District

Filed 11/24/2020 8:52:00 AM Supreme Court Western District
29 WAP 2020

# IN THE SUPREME COURT OF PENNSYLVANIA

_____

## No. 29 WAP 2020

_____

IN RE: 2,349 BALLOTS IN THE 2020 GENERAL ELECTION

Appeal of: Allegheny County Board of Elections

_____

## EMERGENCY APPLICATION FOR REARGUMENT BY NICOLE ZICCARELLI

_____

Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for Nicole Ziccarelli*

# TABLE OF CONTENTS

I.   INTRODUCTION...............................................................................1

II.  REFERENCE TO THE ORDER IN QUESTION OR THE
     PORTIONS THEREOF SOUGHT TO BE REARGUED.................1

III. POINTS OF LAW OR FACT OVERLOOKED OR
     MISAPPREHENDED BY THE COURT .........................................1

IV.  CONCISE STATEMENT OF THE REASONS RELIED UPON
     FOR ALLOWANCE OF REARGUMENT.........................................2

V.   CONCLUSION ..................................................................................8

Exhibits A-C      Relevant Orders and Opinions

# TABLE OF AUTHORITIES

## Cases

*Dana Holding Corporation v. Workers' Compensation Appeal Board*,
   232 A.3d 629 (Pa. 2020) .......................................................................... 3

*In re L.J.*, 79 A.3d 1073 (Pa. 2013) ........................................................ 2, 3

*In Re: Allegheny Provisional Ballots in the General Election*, No. 1161
   CD 2020 (Pa. Cmwlth. Nov. 20, 2020) ................................................... 6

## Rules

Pa.R.A.P. 2543 .......................................................................................... 1, 5

## Constitutional Provisions

Pa. Const. art. I, § 5 ................................................................................. 5, 7

## I.   INTRODUCTION

In the one day, within just a few hours, this Court reached incongruous results on two substantially identical Election Code issues (statutorily non-compliant ballots), involving the same county (Allegheny), and involving the same race (45th Senate District). This warrants immediate reargument under Pa.R.A.P. 2543 because of the conflicting results and the violation of the Free and Equal Elections Clause this yields.

## II.   REFERENCE TO THE ORDER IN QUESTION OR THE PORTIONS THEREOF SOUGHT TO BE REARGUED

Nicole Ziccarelli seeks reargument of that portion of the Court's judgment that allows the Allegheny County Board of Elections to canvass and count mail-in ballots containing an undated declaration, notwithstanding the fact that a majority of the Court held such ballots are violative of the Election Code.

## III.   POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED BY THE COURT

In holding that undated declarations on mail-in ballots render them invalid, but simultaneously ordering them to be canvassed, the Court: (1) misapprehended the limited circumstances under which a "purely prospective" application of a holding is warranted; and

1

(2) overlooked the effect of its order in *In Re: Allegheny Provisional Ballots in the General Election*, No. 338 WAL 2020, which, in contrast to the judgment here, has the effect of rendering ballots *invalid* in Allegheny County due to statutory non-compliance with the Election Code.

## IV.   CONCISE STATEMENT OF THE REASONS RELIED UPON FOR ALLOWANCE OF REARGUMENT

The Court should immediately grant reargument in this matter for at least two reasons.

*First*, the Court's ultimate mandate concerning the undated mail-in ballots at issue in this specific appeal results in a prospective application of its decision in contravention of settled jurisprudence. As this Court has explained, "the general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law." *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013). Prospective application, on the other hand, is appropriate "***only*** if the new rule of law is of the court's own making, involves a procedural matter, and involves common law development." *Id.* (internal quotation marks omitted; emphasis added). In determining "whether to deviate

2

from [the] general rule" in favor of retroactive application, the Court considers three factors: "(1) the purpose of the new rule; (2) the extent of reliance by courts and litigants upon the old rule, and (3) the effect the new rule of law will have on the fair administration of justice." *Id.* Finally, even where the Court determines that prospective application is appropriate, this Court has rarely endorsed a "purely prospective" application whereby the decision is "not even applied to the litigants before the court upon announcement of the new rule." *Dana Holding Corporation v. Workers' Compensation Appeal Board*, 232 A.3d 629, 637 n.9 (Pa. 2020). Rather, the Court has generally utilized a "modified, or selective prospectivity," which requires "the application of a decision to the parties in the case in which the decision announcing a new rule is rendered, but thereafter only to parties whose conduct occurs after the announcement." *Id.*; *see also In re L.J.*, 79 A.3d at 1089 n.19 ("We note that this Court has recognized two types of prospective application of decisions: (1) 'purely prospective,' which does not apply the new rule of law to the parties to the case, but only to cases commenced thereafter; and (2) 'prospective' generally, which does apply the new rule of law to the parties in the case and all litigation commenced thereafter.").

Against this backdrop, the specific relief relative to the ballots presently at issue overlooks this Court's own precedent on multiple levels. To begin, prospective application—whether modified or otherwise—of this Court's holding is inappropriate, since the validity of mail-in ballots with undated declarations does not entail a procedural rule. Indeed, not only is the question decidedly substantive, but it is plainly one that implicates issues of constitutional dimension. Moreover, even if the matter before the Court could properly be characterized as procedural, the controlling factors militate strongly against prospective application. First, the purpose of any ruling concerning the casting of ballots is maintaining the integrity of the electoral process and ensuring the orderly conduct of elections. As such, applying the rule retroactively would cast an indelible shadow of doubt over the 2020 General Election. Second, the "old rule" in this context— to the extent it even existed—has been minimally relied upon. Finally, as recognized by the four justices who concluded that an undated voter declaration invalidates the mail-in ballot, the "new rule" is designed to further the fair and impartial administration of elections.

4

However, even if this Court were to conclude that prospective application is appropriate, there is no basis for employing the seldom-utilized "purely prospective" framework. At a minimum, the decision should apply to the litigants presently before the Court—namely Ms. Ziccarelli, since she filed the action, she's uniquely impacted by it, and the outcome of the case is potentially outcome-determinative in her race, unlike in the Philadelphia companion cases.

*Second*, the judgment in this case conflicts with the order issued by the Court earlier in the day pertaining to provisional ballots cast by mail-in electors. That disparate treatment of the two classes of ballots is plainly a violation of the Free and Equal Elections Clause. *See* Pa.R.A.P. 2543(1); Pa. Const. art. I, § 5.

To illuminate, hours before holding that mail-in ballots accompanied by undated voter declaration are invalid, but should nonetheless be included in the 2020 General election returns, the Court endorsed a vastly different approach relative to a materially similar type of statutory violation by mail-in electors. Specifically, in denying *allocatur* in *In Re: Allegheny Provisional Ballots in the General Election*,

5

No. 338 WAL 2020,[1] this Court allowed the opinion of the

Commonwealth Court to stand, which held that provisional ballots from

Allegheny County concerning the 45th Senate District race *would not be*

*canvassed* due to statutory non-compliance with the Election Code. *See*

*In Re: Allegheny Provisional Ballots in the General Election*, No. 1161

CD 2020, slip op. at 8-9 (Pa. Cmwlth. Nov. 20, 2020) (holding, *inter alia*,

"provisional ballots cast by a voter whose mail-in ballots were timely

received[,]" were invalid because courts are "unable to excuse the

defects in the ballot," even if voters had received misleading advice).

(emphasis in original)) (Exhibit B). Under the Commonwealth Court's

opinion and order, which this Court allowed to stand, ballots—including

those cast by mail-in electors who submitted defective ballots pursuant

to the newly mail-in voting provisions—were disqualified and not

canvassed in Allegheny County *solely because of* statutory non-

compliance with the Election Code.

Despite the ruling in *Allegheny Provisional Ballots*, just a few

hours later in a second contest also involving Allegheny County, also

involving the 45th Senate District, and also involving statutorily non-

---

[1] *See* Order, No. 228 WAL 2020 (Nov. 23, 2020) (Exhibit A)

6

compliant ballots, this Court reached a polar opposite result.
Specifically, the Court—with four justices in separate opinions
agreeing, *see* Concurring and Dissenting Opinion of Justice Wecht at 1-
2 (Exhibit C); Concurring and Dissenting Opinion of Dougherty at 1
(joined by Justices Saylor and Mundy)—held that undated declarations
rendered ballots statutorily non-compliant and, therefore, *invalid*.
Nevertheless, the Court then allowed those ballots to be canvassed and
counted, even though a majority of the justices agreed that they were
statutorily invalid. As such, in two cases on the same day involving the
same county, the same race, and the same issue, the Court in one
allowed statutorily non-compliant ballots *to be rejected*, and, in another,
directed similarly defective ballots to *be counted*. Such a result does
violence to the fundamental principle that "Elections shall be free and
equal; and no power, civil or military, shall at any time interfere to
prevent the free exercise of the right of suffrage." Pa. Const. art. I, § 5.
Thus, reargument should be immediately granted and these
incongruous results reconciled.

## V.   CONCLUSION

Accordingly, this Court should grant reargument and immediately affirm the opinion and order of the Commonwealth Court.

Respectfully submitted,

Dated: November 24, 2020

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Joshua J. Voss (No. 306853)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Attorneys for Nicole Ziccarelli*

# EXHIBIT H

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Canvass of Absentee                :
and/or Mail-in Ballots of                    :
November 3, 2020 General Election     :
                                                          :
                            v.                       :     No. 1191 C.D. 2020
                                                          :     Submitted: November 23, 2020
Appeal of:  Donald J. Trump for          :
President, Inc.                                    :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                          **FILED: November 25, 2020**

Donald J. Trump for President, Inc. (Appellant) appeals from the Order of the Court of Common Pleas of Bucks County (common pleas) that overruled the Appellant's objections to certain absentee and/or mail-in ballots, denied Appellant's requested relief, and dismissed Appellant's appeal from the Bucks County Board of Elections' (Board) determination that the challenged ballots were valid and could be counted in the General Election of November 3, 2020 (Election).[1]  Appellant argues the Board violated the Election Code[2] (Code) when it did not reject and, over objection, accepted 2,177 ballots on the basis that they did not comply, in some way, with Sections 3146.6 or 3150.16 of the Code, 25 P.S. §§ 3146.6 (absentee electors),

---

[1] Others challenged the Board's decision to common pleas, but only Appellant has filed a notice of appeal from the common pleas' Order.

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3591.

the hearing, common pleas issued an opinion and order rejecting the challenges and dismissing the appeal of the Board's decision.  Appellant now appeals to this Court.[4]

As to Categories 1 through 3, which challenged the ballots on the basis of a deficiency on the outer envelopes, common pleas held that the information missing was not mandatory under the Election Code, but directory and, therefore, its absence would not invalidate those ballots.  (Common pleas' op. at 14-19.)  Appellant challenges these determinations before this Court.  However, after the filing of the appeal, the Supreme Court of Pennsylvania rejected these same legal challenges in *In re:  Canvass of Absentee and Mail-In Ballots of November 3, 2020 General Election* (Pa., Nos. 31-35 EAP 2020 and 29 WAP 2020, filed November 23, 2020) (*Philadelphia/Allegheny*), slip op. 19-32.[5]  In doing so, the Supreme Court "conclude[d] that the . . . Code does not require boards of elections to disqualify mail-in or absentee ballots submitted by qualified electors who signed the declaration on their ballot's outer envelope but did not handwrite their name, their address, and/or date, where no fraud or irregularity has been alleged." *Id.*, slip op. at 3.  Appellant acknowledges this holding in its brief, but points out that, per a majority of the Supreme Court, dating the outer envelope is a mandatory requirement, but would be applied prospectively.  (Appellant's Brief (Br.) at 27.)

---

[4] Common pleas' decision is reviewed on appeal "to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made." *In re Reading Sch. Bd. Election*, 634 A.2d 170, 171-72 (Pa. 1993).  Issues involving the proper interpretation of the Code is a question of law, and the Court's standard of review is de novo and scope of review is plenary.  *Banfield v. Cortes*, 110 A.3d 155, 166 (Pa. 2015).

[5] DNC Services Corporation/Democratic National Committee, an appellee here, filed an application for extraordinary relief with the Supreme Court requesting the Supreme Court exercise its extraordinary jurisdiction powers over this appeal, but this application was denied by the Supreme Court by order dated November 24, 2020.

This Court is bound by the Supreme Court's decision,[6] and, applying that decision, there was no error in common pleas rejecting Appellant's challenges to Categories 1 through 3.[7]

The sole remaining issue before this Court is whether the ballots identified in Category 5, which are those ballots that were enclosed, but did not appear to be "sealed," in the secrecy envelope, must be invalidated under the Code. In rejecting Appellant's challenge to this category, common pleas explained that the ballots at issue were not "naked ballots," which would have been invalid pursuant to the Supreme Court's decision in *Pennsylvania Democratic Party v. Boockvar*, 238 A.3d 345, 378-80 (Pa. 2020). Common pleas held that "[t]here is no factual evidence that supports a conclusion that the envelopes had not been sealed by the elector prior to" the time of canvassing. (Common pleas op. at 20.) Instead, common pleas pointed to the parties' stipulation that "[w]ith respect to Category 5 . . . [the Board] could not determine whether the [secrecy] envelopes were initially sealed by the elector but later became unsealed." (*Id.* (quoting Stip. ¶ 46).) Accordingly, common pleas found "there [was] no evidence that the electors failed to 'securely seal [the ballot] in the [secrecy] envelope,' as required by the . . . Code." (*Id.* (first and third alteration added).) It explained that "[t]he elector was provided the envelope by the government" and "[i]f the glue on the envelope failed[,] that would be the responsibility of the government." (*Id.*) Therefore, common pleas held "[t]here

---

[6] Notably, the Supreme Court referenced common pleas' decision in this matter and held that common pleas "appropriately applied th[e Supreme] Court's precedent" in affirming the counting of these ballots. *Philadelphia/Allegheny*, slip op. at 32-33 n.6.

[7] To the extent Appellant seeks to "incorporate" Equal Protection arguments into this case that were raised in other cases, Appellant did not raise such claims before common pleas and, therefore, the Court will not consider them. Pennsylvania Rule of Appellate Procedure 302(a), Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

# EXHIBIT I

# ATTISANO & ROMANO

429 4th Avenue
Suite 1705
Pittsburgh, PA 15219
Phone: 412-336-8622
Fax: 412-336-8629
WWW.ARLAWPITT.COM

<u>**VIA EMAIL & HAND DELIVERY**</u>

**November 30, 2020**

Honorable Douglas Chew, Chair Commissioner Westmoreland County
Honorable Sean Kertes, Vice Chair Commissioner Westmoreland County
Honorable Gina Cerilli, Secretary Commissioner Westmoreland County
Melissa Guiddy, Esquire – Solicitor Westmoreland County

**Re:** **November 30, 2020 Board of Elections Meeting**

Dear Commissioners,

As you know, we represent Senator James Brewster and the Pennsylvania Democratic Party ("PDP") in the various matters involving the Boards of Election in both Westmoreland County and Allegheny County, and the litigation associated with decisions of those boards. We are writing to you today in anticipation of this afternoon's meeting of the Westmoreland County Board of Elections ("Board"). Specifically, we are asking that the Board agree to count a set of mail in ballots in which the registered voters filled out the Declaration on the outside envelope containing their ballots, but omitted to fill in the date such Declaration was prepared. We wanted to provide the Board with an update of litigation relating to that particular issue in support of our position that these particular voters should not be disenfranchised and that the Board should vote to accept and count such ballots.

This exact category of ballots has been the subject of litigation that commenced in the Allegheny County Board of Elections ("Allegheny Board"), which decided, on November 14, 2020, to count the votes of 2,349 individual voters who had completed the Declaration on the outside envelope containing their ballots, but had not written in the date of such Declaration. The Allegheny Board was able to confirm that these ballots were timely received through the use of a time-stamp and in tracking the receipt of such ballots in the SURE System. Candidate Ziccarelli appealed that decision to the Court of Common Pleas of Allegheny County ("CCP Allegheny"), which affirmed the decision of the Allegheny Board.[1] Candidate Ziccarelli appealed that decision to the Commonwealth Court, which, by a 2-1 vote, reversed the decision of the CCP Allegheny. Upon an appeal of Senator Brewster and the PDP, the Pennsylvania Supreme Court, on November 23, 2020, in *In Re: 2,349 Ballots In The 2020 General Election* (No. 29 WAP 2020) reversed the Commonwealth Court and issued the following order:

> The decision of the Commonwealth Court is hereby reversed and the decision of the Allegheny County Court of Common Pleas is reinstated. Justices Baer and Todd join the opinion. Justice Wecht concurs in the result and files a concurring

---

[1] *Ziccarelli v Allegheny BOE and PDP & James Brewster* (GD 20-011654) Opinion & Order attached as Appendix A.

1

# ATTISANO & ROMANO

429 4th Avenue
Suite 1705
Pittsburgh, PA 15219
Phone: 412-336-8622
Fax: 412-336-8629
WWW.ARLAWPITT.COM

and dissenting opinion. Justice Dougherty files a concurring and dissenting opinion in which Chief Justice Saylor and Justice Mundy join.[2]

Candidate Ziccarelli immediately filed with the Pennsylvania Supreme Court an Application for Reargument/Reconsideration, which the Court denied on November 25, 2020.[3]

Not content to accept the ruling of the highest court in the Commonwealth, and allow the votes of 2,349 registered voters to count, Candidate Ziccarelli filed a Complaint in the United States District Court on November 25th and also requested a Temporary Restraining Order ("TRO"). *See Nicole Ziccarelli v Allegheny County BOE, et. al.* (No. 20-1831). Late that afternoon, the Honorable Nicholas Ranjan conducted a hearing on the TRO. Candidate Ziccarelli asserted that, although the Allegheny Board was going to count the 2,349 ballots that were the subject of Pennsylvania Supreme Court decision, the fact that the Westmoreland Board had not counted the same category of ballots raised federal constitutional questions. Candidate Ziccarelli specifically asked the court to block the Allegheny Board from counting these votes, despite the order of the Pennsylvania Supreme Court. However, Judge Ranjan denied the request of Candidate Ziccarelli to "level down" by not counting the 2,349 ballots in Allegheny County, and suggested that the appropriate response would be to "level up" and count the votes in Westmoreland County, citing the recent decision of Judge Matthew Brann in *Donald J. Trump for President v. Boockvar*, Case No 4:20-cv-2078, --- F.Supp.3d ----, 2020 WL 6821992 at *12 (M.D. Pa. Nov. 21, 2020) ("When remedying an equal-protection violation, a court may either "level up" or "level down." This means that a court may either extend a benefit to one that has been wrongfully denied it, thus leveling up and bringing that person on par with others who already enjoy the right, or a court may level down by withdrawing the benefit from those who currently possess it. Generally, the preferred rule in a typical case is to extend favorable treatment and to level up."), aff'd No. 20-3371, --- Fed. Appx. ---- (3d Cir. Nov. 27, 2020) (Slip Op., Bibas, J.). *See also* Ranjan Tr. 29: 3-30:6 (analyzing *DJT v. Boockvar*). We have attached the transcript of the TRO hearing before Judge Ranjan as Appendix D.

As the Board is aware, it has not yet ruled on the treatment of this particular category of votes, where eligible voters omitted the date on the Declaration. On or about November 13, 2020, Commissioner Cerilli made a motion to count such ballots, but the motion did not receive a second and thus was tabled. In view of the ruling of the Pennsylvania Supreme Court[4] and the subsequent decision of Judge Ranjan specifically denying Candidate Ziccarelli's efforts to block the counting of these 2,349 ballots, it seems appropriate that the Westmoreland Board follow the Pennsylvania Supreme Court and Judge Ranjan's guidance and "level up" by counting those ballots in

---

[2] The Order for *In Re: 2,349 Ballots In The General Election* (29 WAP 2020) is attached as Appendix B.

[3] The Order denying candidate Ziccarelli's Application for Reargument/Reconsideration is attached as Appendix C.

[4] The PA Supreme Court also consolidated the Allegheny County "no date" case with the Philadelphia County "no date" case and referenced Montgomery County and others in footnotes of the Opinion, which made it obvious that the principle to count otherwise valid and timely "no date" mail in ballots applies to all counting still occurring throughout the state.

# ATTISANO & ROMANO

429 4th Avenue
Suite 1705
Pittsburgh, PA 15219
Phone: 412-336-8622
Fax: 412-336-8629
WWW.ARLAWPITT.COM

Westmoreland County, like the 2,349 ballots cast in Allegheny County, in which a voter simply omitted the date on the Declaration.

Senator Brewster and the Pennsylvania Democratic Party urge this Board to count such ballots and request that Candidate Ziccarelli join us in this request to "level up" and treat these ballots as they are being treated in Allegheny County and throughout the Commonwealth. We suspect that federal courts would look unfavorably upon a candidate who, through the calculated disenfranchisement of a select group of voters, sought to create a contrived federal constitutional claim. Judge Ranjan has indicated that differing decisions of the Allegheny Board and this Board would not create such an issue. Certainly, with the benefit of the decisions of the Pennsylvania Supreme Court and the United States District Court, the decision to count such ballots is compelling, and, most importantly, fair.

Thank you for your consideration.

Sincerely,                                          Sincerely,

/s/ James Antoniono                         /s/ Marco S. Attisano

James Antoniono                            Marco S. Attisano


Enclosed:
*Ziccarelli v Allegheny BOE and PDP & James Brewster* (GD 20-011654) Opinion & Order attached as Appendix A.

PA Supreme Court Order for *In Re: 2,349 Ballots In The General Election* (29 WAP 2020) is attached as Appendix B.

PA Supreme Court Order denying candidate Ziccarelli's Application for Reargument/Reconsideration is attached as Appendix C.

Transcript for hearing on request for a Temporary Restraining Order ("TRO") before Judge Ranjan is attached as Appendix D. *See Nicole Ziccarelli v Allegheny County BOE, et. al.* (No. 20-1831).

CC:     James Gorman, Esquire

3

You are logged on as: mattisano

# PACFile® - View Notification

 Navigate To

Initiate New Case                    Case Filing              Case Search              Dashboard

## Electronic service for case 29 WAP 2020

Service Date: 11/23/2020

Served By: Supreme Court Western District

Docket Number: 29 WAP 2020 📄

Lead Case Caption: In Re: 2,349 Ballots in the 2020 General Election

Filing Type: Reversed/Reinstated

Filed Date: 11/23/2020

Filers: Donohue, Christine

Documents: 📄 CO-DO
            📄 MO
            📄 Judgment Copy - MO
            📄 CO-DO

## Comments

| Type | Comment |
|------|---------|
| Comments | The decision of the Commonwealth Court is hereby reversed and the decision of the Allegheny County Court of Common Pleas is reinstated. Justices Baer and Todd join the opinion. Justice Wecht concurs in the result and files a concurring and dissenting opinion. Justice Dougherty files a concurring and dissenting opinion in which Chief Justice Saylor and Justice Mundy join. |

IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

NICOLE ZICCARELLI,                          CIVIL ACTION

            Plaintiff,                  No. 20-1831

      vs.

ALLEGHENY COUNTY BOARD OF
ELECTIONS, et al.,

      Defendants.

---

Transcript of TELEPHONIC MOTION HEARING held on
November 25, 2020

  United States District Court, Pittsburgh, Pennsylvania
BEFORE:  HONORABLE J. NICHOLAS RANJAN, DISTRICT JUDGE

APPEARANCES:

For Plaintiff:                    Joshua J. Voss
                                  Kleinbard LLC
                                  115 State Street
                                  2nd Floor
                                  Harrisburg, PA 17101

                                  Matt Haverstick, Esq.
                                  Shohin Vance, Esq.
                                  James Gorman, Esq.
                                  Samantha Zimmer, Esq.

For Allegheny County Board
 Of Elections, et al.:            Andrew F. Szefi
                                  Allegheny County Law
                                  Department
                                  445 Fort Pitt Boulevard
                                  Suite 300
                                  Pittsburgh, PA 15219

                                  Virginia Scott, Esq.
                                  Frances Liebenguth, Esq.

1    which goes I think to a likelihood of success on the

2    merits to the plaintiff.

3         I do find that there would be irreparable harm

4    here, however, with respect to the other injunction

5    factors, harm to third parties and the public interest.

6    I'm mindful of the request that the plaintiff seeks here

7    which is to essentially level down so to speak.

8         As I mentioned, I reviewed Judge Brann's

9    recent decision from the Middle District of Pennsylvania

10   which relies on the Supreme Court decision in *Heckler*

11   and I believe an injunction in the context of a *Bush v.*

12   *Gore* situation like this one and presented by the facts

13   of this case would, if anything, require an injunction

14   that would level up, that is, that would require

15   Westmoreland County to count the three hundred and forty

16   or so ballots in a manner consistent with the

17   Pennsylvania Supreme Court's decision.

18         So, therefore, an injunction that levels down,

19   that does not count those votes, I find to be not

20   narrowly tailored to be in the public interest because

21   it would disenfranchise potentially thousands of voters

22   and cause harm to those individuals.  So for that

23   reason, I don't believe the equitable relief that the

24   plaintiffs seek here is warranted.

25         Furthermore, based on at least Mr. Levine's

1   representation on behalf of the Pennsylvania Democratic

2   Party and Senator Brewster, it appears that Westmoreland

3   County may, in fact, count the 340 votes which would, in

4   effect, remedy any kind of equal protection violation.

5   So that also counsels against granting an injunction

6   here.

7           I would note with respect to the second claim

8   in the complaint, although no party has raised it in

9   this call, it's a substantive due process claim, and I

10  don't find that would have a success on the merits at

11  this point in time.  I don't view that compliance with

12  the Pennsylvania Supreme Court's decision shocks the

13  conscience or the procedures implemented by Allegheny

14  County and Secretary Boockvar to count those defective

15  ballots and certify those ballots would place a burden

16  on the right to vote.

17          To the contrary, not counting those ballots

18  would burden the right to vote, and the benefits to

19  counting those I think are obvious here in the sense of

20  franchising voters.  So with respect to Count 2, I don't

21  believe any aspect of Count 2 would give rise to or

22  provide a basis for equitable relief on a motion for a

23  TRO.

24          As I said at the outset, I appreciate the

25  urgency of this request and the urgency particularly for

1       Just one small point.  Is it possible to get a

2   copy of that transcript prior to Monday or Friday so

3   that it may become relevant at the Westmoreland County

4   Board of Elections meeting?

5           THE COURT:  I think that's a great idea and I

6   believe -- I don't want to speak for Ms. Earley our

7   court reporter.

8           THE COURT REPORTER:  You will have it Friday

9   morning.

10          THE COURT:  Thank you.  Thank you, everybody.

11  I appreciate you all jumping on this call and I want to

12  wish everybody a Happy Thanksgiving as well.

13          Take care.

14          (Whereupon, the above hearing concluded at

15  4:45 p.m.)

16                  -  -  -

17          I hereby certify by my original signature

18  herein, that the foregoing is a correct transcript, to

19  the best of my ability, from the record of proceedings

20  in the above-entitled matter.

21

22          S/ Karen M. Earley

23              Karen M. Earley

24              Certified Realtime Reporter

25

# EXHIBIT J

November 30, 2020

**Westmoreland County Board of Elections**

General Election of November 3, 2020

A meeting of the Westmoreland County Board of Elections met on Monday, November 30, 2020 at the Westmoreland County Courthouse, Commissioners Meeting Room #101, 2 North Main Street, Greensburg, PA.  The following were present: Commissioners Sean Kertes, Douglas W. Chew, Gina Cerilli, Esq., County Solicitor Melissa A. Guiddy and Director of Elections JoAnn Sebastiani.  The following business was conducted:

Mr. Kertes called the meeting to order at 3:03pm and led the Pledge of Allegiance.

*Public Comment*
*Marco Attisanto, representing Senator Jim Brewster's campaign, wishes to make position clear to ask that the 344 mail-in that do not have a date be counted; recalls that there was no second on a previous motion.  Since then, he stated that the PA Supreme Court reviewed and agreed with Allegheny County to have them counted.  He continues that with multiple opinions the ruling was clear.  He asks that Westmoreland County have those ballots counted and get this election wrapped up and to move on. Commissioner Chew questions the mandatory language in the statute*

*Mr. Attisanto continues that the order of the court is clear, the Commonwealth court ruling is overturned; that is clearly stated in the order*

*Bill Bretz, Hempfield Township, Chair of the Westmoreland County Republican Committee, in reference to ballots being rejected for no date on the envelope, that the board has not taken action on – he asks that the code be applied consistently and urges the board to not take action at this time.*

*James Gorman, representing Nicole Zigarelli's campaign, states that all the order did was confirm Allegheny County and that there is nothing mandated in the ruling, it is an affirmation. He continues that four supreme court justices stated that undated mail in ballots are invalid ballots.  He adds, that even if the board counts the ballots, there is still an equal protection argument and that it would dilute valid votes*

*Commissioner Cerilli would like to take action so that either side can take a motion to court.*

*Commissioners Cerilli makes a motion to count the undated ballots, which were timestamped by both the post office and the election bureau. The motion fails for lack of a second.*

*There are no further motions made on this matter.*

*Commissioner Cerilli questions Commissioners Kertes and Chew, as to why they wouldn't make a motion so that this matter can be taken to court?*

*Commissioner Chew questions why do we need a motion to follow the law?*

*Commissioner Cerilli states why not give them the opportunity to take this to court?*