# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE ZICCARELLI, | : | No. 2:20-cv-01831-NR |
| Plaintiff, | : | (*filed electronically*) |
| v. | : | |
| THE ALLEGHENY COUNTY BOARD OF ELECTIONS, RICH FITZGERALD, in his official capacity as a Member of the Allegheny County Board of Elections, SAMUEL DEMARCO, in his official capacity as a member of the Allegheny County Board of Elections, BETHANY HALLAM, in her official capacity as a member of the Allegheny County Board of Elections, and KATHY BOOCKVAR, in her official capacity as the Secretary of the Commonwealth of Pennsylvania, | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

Plaintiff Nicole Ziccarelli ("Ziccarelli"), by and through her undersigned counsel, brings this First Amended Complaint against Defendants the Allegheny County Board of Elections, Rich Fitzgerald, Samuel DeMarco, Bethany Hallam, (collectively, the "Board"), and Kathy Boockvar ("Secretary"), and in support thereof avers as follows:

## I.   JURISDICTION AND VENUE

1. Because this action alleges a violation of the United States Constitution, it raises a federal question, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

2. Further, declaratory relief is proper pursuant to 28 U.S.C. §§ 2201 & 2202.

16. In Allegheny County, an estimated 350,000 mail-in ballots were received by the Board.

17. The Board received 2,349 ballots where the Voter Declaration was signed but was undated ("the Defective Ballots").

18. Through a series of decisions described below, the Board adopted as its policy and practice the intentional violation of 25 P.S. § 3150.16(a), as demonstrated by its serial votes to accept and count the Defective Ballots, despite the prohibition in Election Code against doing so, despite guidance from the Secretary against doing so, and despite any court order requiring it to do so.

19. The Board conducted a virtual meeting on November 10, 2020 to consider whether the Defective Ballots should be set aside as invalid or canvassed.

20. During the virtual meeting the Board decided, by a vote of 2-1, to proceed with canvassing the Defective Ballots.

21. The Board made the intentional and purposeful decision, on its own, to count the Defective Ballots despite the mandate from the General Assembly in 25 P.S. § 3150.16(a) requiring a date on the Voter Declaration.

C. **Allegheny County Court of Common Pleas Petition for Review and Commonwealth Court Appeal**

22. On November 12, 2020, Ziccarelli filed with the Allegheny County Court of Common Pleas a Petition for Review in the Nature of an Appeal of the Board's intentional decision to canvass the Defective Ballots. *See In Re: 2,349 Ballots in the 2020 General Election*, No. GD 20-011654 (C.P. Allegheny) (captioned by the court as *Ziccarelli v. Allegheny County Board of Elections*).

23. The trial court conducted a hearing on November 17, 2020, and denied the Petition for Review on November 18, 2020.

24. The trial court's November 18 Order, stated in total, as follows:

And NOW, this 18th day of November 2020, upon consideration of the Petition for Review In the Nature Of A Statutory Appeal filed by Nicole Ziccarelli, and any responses thereto, it is hereby ORDERED that Petitioner's appeal is dismissed and the decision of the Board of Elections is affirmed.

*See* Memorandum and Order of the Court, No. GD 20-011654 (Exhibit A).

25. On November 18, 2020, Ziccarelli appealed the Common Pleas Court decision to the Commonwealth Court of Pennsylvania. *See In Re: 2,349 Ballots in the 2020 General Election (Appeal of: Nicole Ziccarelli)*, No. 1162 CD 2020 (Pa. Cmwlth.)

26. On November 19, 2020, the Commonwealth Court of Pennsylvania reversed the trial court's order and remanded for further proceedings. *See* Memorandum Opinion and Order, No. 1162 CD 2020 (Exhibit B).

27. In turn, on November 20, 2020, the Board filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court granted on November 20, 2020 and docketed at 29 WAP 2020. The Court then consolidated the Allegheny County appeal with a series of appeals from Philadelphia County.

    **D.**    **Pennsylvania Supreme Court Decision**

28. On November 23, 2020, a split Pennsylvania Supreme Court issued the Opinion Announcing Judgment of the Court (OAJC) in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, Nos. 31-35 EAP 2020 & 29 WAP 2020 (all opinions of the Supreme Court attached as Exhibits C-E).

29. Although acknowledging that the Election Code requires an elector to sign **and date** a ballot, the three justices—i.e., *not* a majority—joining the OAJC nonetheless determined

5

47. On November 13, 2020, a member of the three-member Westmoreland County Board of Elections proposed a motion to count the Westmoreland Defective Ballots, but the motion did not receive a second.

48. Thus, between November 13, 2020 and November 20, 2020, the Westmoreland Defective Ballots were not counted.

49. On November 30, 2020, a member of Westmoreland County Board of Elections again proposed a motion to count the Westmoreland Defective Ballots, but the motion again did not receive a second.

50. Thereafter, on November 30, 2020, the Westmoreland County Board of Elections certified to Secretary Boockvar its final election results, which certification *did not* include any count of the Westmoreland Defective Ballots.

51. In total, the Westmoreland County Board of Elections certified 8,412 votes for Brewster and certified 14,560 votes for Ziccarelli.

52. Upon information and belief, Secretary Boockvar intentionally accepted the certified final returns from Westmoreland County.

53. Thus, persons in Allegheny County who improperly submitted a signed and undated Voter Declaration had their ballots counted for the 45th Senatorial District, whereas identically situated persons in Westmoreland County who improperly submitted a signed but undated Voter Declaration had their ballots not counted for the 45th Senatorial District.

54. The foregoing led directly to Plaintiff Ziccarelli going from the presumptive winner of the 45th Senatorial District to the presumptive loser.

9

## COUNT I
### Section 1983 – Equal Protection and One Person, One Vote

55. Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

56. The principle of one person, one vote requires that courts seek to "insure that each person's vote counts as much, insofar … as practicable, as any other person's," *Hadley v. Junior College Dist. Of Metropolitan Kansas City, Mo.*, 90 S.Ct. 791, 794 (1970).

57. The Equal Protection Clause of the 14th Amendment requires that all persons similarly situated be treated alike.

58. Voting discrepancies that dilute a qualified elector's right to vote are constitutionally infirm. *Id.*

59. Nor may a state, "by later arbitrary and disparate treatment, value one person's vote over that of another," including voters in different counties of the same state. *Bush v. Gore*, 121 S.Ct. 525, 530-531 (2000).

60. The Board's intentional and improper decision to count the Defective Ballots yielded arbitrary and disparate treatment, contrary to the Election Code, which had the effect of treating voters in the 45th Senatorial District differently depending on which of the two counties comprising that District the voter resides. Specifically, as a result of the Board's improper decision to count and certify the result of the Disputed Ballots, persons with undated mail-in ballots in Allegheny County will have their ballots counted, while persons with undated mail-in ballots in Westmoreland County will *not* have their ballots counted.

61. Moreover, persons who voted in complete compliance with the Election Code in both counties—including Ziccarelli herself—had their votes diluted, as identical invalid ballots were not counted in Westmoreland County but were counted in Allegheny County.

10

62. The Board's handling of invalid and defective mail-in ballots violates the Constitution's mandate of one person, one vote.

63. Likewise, the Secretary's acceptance of the Board's improperly certified results regarding the Defective Ballots also violates the Constitution's mandate of one person, one vote.

64. Finally, because the Defective Ballots are invalid under the plain language of the Election Code, as a majority of the Supreme Court agreed, the only proper outcome to remedy the Equal Protection violation is to remove the tally of the Defective Ballots from the final certified election results, since disqualifying such ballots reflects the General Assembly's express intent, whereas qualifying such ballots is against unambiguous legislative will as set forth in the Election Code.

## COUNT II
### Section 1983 – Due Process

65. Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

66. The right to vote is *the* "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). "Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society." *Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964).

67. Over 50,000 residents of Allegheny County cast their lawful ballots for candidate Nicole Ziccarelli, as did nearly 15,000 residents of Westmoreland County, including Ziccarelli herself, in the election for 45th Senatorial District (the "Ziccarelli Voters").

68. As alleged above, the Board counted and certified the results of the Defective Ballots even though these ballots are invalid under the Election Code, under the Secretary's guidance, and under the Pennsylvania Supreme Court's ruling on the merits of the appeal concerning the Defective Ballots.

11

69. As alleged above, the Secretary accepted the Board's certified results of the count of the Defective Ballots even though these ballots are invalid under the Election Code, under the Secretary's own guidance, and under the Pennsylvania Supreme Court's ruling on the merits of the appeal concerning the Defective Ballots.

70. As a result, the Ziccarelli Voters have had their votes unfairly and improperly diluted because invalid ballots are being counted and included in the vote total.

71. The votes of the Ziccarelli Voters have been unfairly and improperly diluted because they have been diminished in force and effect due to the Defective Ballots being counted by the Board, and accepted by the Secretary.

72. This dilution of the votes of the Ziccarelli Voters violates the Due Process Clause of the Constitution and each voter's fundamental right to vote, which violation has led directly to Ziccarelli going from receiving the most votes, and prevailing, to receiving fewer votes, and not prevailing.

73. Further, the Defendants' actions in canvassing the Defective Ballots, certifying the results thereof, and accepting the certification effectively changed the rules of the election *after* the election had already been conducted, which further violates the Due Process Clause of the Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicole Ziccarelli respectfully requests that this Court render a judgment in her favor and grant the following relief:

(1) Issue a declaratory judgment that the Board's certification of the 2020 General Election Results that included the Defective Ballots, and the Secretary's acceptance of the certification, is unconstitutional;

(2) Enjoin the Secretary from certifying any election results regarding the 45th Senatorial District that include the tally of the Defective Ballots;

(3) Award Plaintiff the cost of prosecuting this action together with attorneys' fees under 42 U.S.C. § 1988; and

(4) Grant such further relief as is just and proper under the circumstances.

Respectfully submitted,

Dated: December 1, 2020

/s/ Joshua J. Voss
Joshua J. Voss (No. 306853)
Matthew H. Haverstick (No. 85072)
   *Admitted Pro Hac Vice*
Shohin H. Vance (No. 323551)
   *Pro Hac Vice Forthcoming*
James G. Gorman (No. 328376)
   *Pro Hac Vice Forthcoming*
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
jvoss@kleinbard.com
svance@kleinbard.com
jgorman@kleinbard.com

*Attorneys for Plaintiff*