# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE ZICCARELLI,
    *Plaintiff*,

v.

THE ALLEGHENY COUNTY BOARD
OF ELECTIONS, *et al.*,
    *Defendants*.

Case No. 2:20-cv-01831-NR

## AMICUS BRIEF OF LEGISLATIVE LEADERS IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT

### INTEREST OF AMICI CURIAE[1]

Senator Jake Corman, President Pro Tempore of the Pennsylvania Senate; Kim Ward, Majority Leader of the Pennsylvania Senate; Bryan Cutler, Speaker of the Pennsylvania House of Representatives; and Kerry Benninghoff, Majority Leader of the Pennsylvania House of Representatives, bring this brief as *Amici Curiae* in support of their authority as members of a state legislative body under the U.S. Constitution. The Pennsylvania Senate and the Pennsylvania House of Representatives together comprise the General Assembly of the Commonwealth of Pennsylvania (the "General Assembly"), which, as the state legislature of Pennsylvania, is given authority to prescribe the "Times, Places, and Manner of holding elections" by Article I, § 4, cl. 1 of the U.S. Constitution.

*Amici* present the following arguments in support of Plaintiff and respectfully request they be heard in support of the General Assembly's authority to enact election regulations pursuant to the U.S. Constitution's plain text. Because the issues raised in this action directly pertain to the General Assembly's power under the U.S. Constitution, *Amici* have a significant interest in this case.

---

[1] No party's counsel authored this brief in whole or in part, and no one other than *Amici* and their counsel contributed money to fund the brief's preparation or submission.

1

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Elections Clause of Article I, § IV of the U.S. Constitution[2] delegates to state legislatures in the first instance, and Congress in the second, the authority to enact regulations for federal elections. As it pertains to the matter at hand, no county board of elections nor Commonwealth court has any delegation of power to enact or amend election laws.

Election laws and regulations are established prior to holding an election for a simple reason: if election rules are changed in the middle of an election, they can be adjusted to effectuate a partisan outcome—which is exactly what the Allegheny County Board of Elections and the Supreme Court of Pennsylvania did here. Through their procedural gerrymandering, Allegheny County and the Supreme Court of Pennsylvania made a kicked field goal worth five points, when their team was down by four, with no time left on the clock, in order to obtain their desired result.

Here, pursuant to the grant of authority under the Elections Clause, the General Assembly unambiguously mandated that mail-in ballots' envelopes must have the date on which the voter signed the voter declaration.[3] After all voters had cast their ballots, despite the plain reading of the date requirement and contrary to the pre-election guidance of the Secretary of the Commonwealth, Allegheny County decided that it would count ballots that were not properly dated. Further, the Supreme Court of Pennsylvania found that the date requirement was mandatory, but confusingly

---

[2] *Amici* recognize that the Elections Clause refers to establishing laws surrounding federal elections, and Plaintiff is a candidate for the General Assembly. However, when both state and federal elections are unified under the same election process and ballot, the Elections Clause equally applies to the laws that govern both state and federal elections—such is the case in Pennsylvania where both state and federal candidates appear on the mail-in ballots in question. *See Welker v. Clarke*, 239 F.3d 596, 598-99 (3d Cir. 2001), *superseded on other grounds*, (the Pennsylvania Legislature created a single, unified electorate for both state and federal elections).

[3] The requirement in question serves a variety of important election administration purposes: "[T]he date on the ballot envelope provides proof of when the 'elector actually executed the ballot in full, ensuring their desire to cast it in lieu of appearing in person at a polling place. The presence of the date also establishes a point in time against which to measure the elector's eligibility to cast the ballot[.]' The date also ensures the elector completed the ballot within the proper time frame and prevents the tabulation of potentially fraudulent back-dated votes." *In re Canvass of Absentee & Mail-in Ballots of Nov. 3, 2020 Gen. Election*, No. 29 WAP 2020, 2020 Pa. LEXIS 5989, at *74-75 (Pa. Nov. 23, 2020) (Dougherty, J., concurring and dissenting) (*quoting In re 2,349 Ballots in the 2020 Gen. Election*, 1162 C.D. 2020, 2020 Pa. Commw. Unpub. LEXIS 560, at *16 (Pa. Commw. Ct. Nov. 19, 2020) (memorandum)).

determined that they would relax the unambiguous law for this election only.[4] The Allegheny County Board of Elections, as aided by the Supreme Court of Pennsylvania, clearly acted outside the confines of the Elections Clause of Article I, § IV of the U.S. Constitution and took it upon themselves to unconstitutionally determine the "manner" of elections.

Finally, the discussion surrounding leveling-up versus leveling-down misses the mark because there exists no constitutional or fundamental right to a mail-in ballot. Just as a potential driver must first obtain a driver's license in order to have the privilege of driving a car, if voters want to have the privilege of voting by mail, they too must abide by the prescribed laws—which include providing the date on which they sign the voter declaration. However, in the event leveling-up or leveling-down is applicable, the only proper remedy would be to level-down, abide by the unambiguous intent of the General Assembly, and demand that voters place the required date on their mail-in ballots.

## ARGUMENT

I. **The Allegheny County Board of Elections, as Aided by the Pennsylvania Supreme Court, Exceeded Its Authority Because the General Assembly Has Exclusive Authority Over Election Regulations.**

   A. **The Allegheny County Board of Elections and the Pennsylvania Supreme Court Violated the Elections Clause of the United States Constitution.**

The Constitution delegates the authority to regulate the times, places, and manner of elections to the legislatures of the fifty states in the first instance and to Congress in the second. U.S. Const. art. I, § 4, cl. 1. State courts—as well as their federal counterparts—are wholly excluded. *See id*. The term "legislature" was "not one 'of uncertain meaning when incorporated into the Constitution'" and is not of uncertain meaning today. *Smiley v. Holm*, 285 U.S. 355, 365 (1932) (quoting *Hawke v. Smith*, 253 U.S. 221, 227 (1920)). The term "legislature" necessarily differentiates between itself and the "State" of which it is only a subpart. The plain text of the Elections Clause is clear: neither courts nor executive

---

[4] Justice Scalia aptly noted that judicial power is limited to "discerning what the law *is*, rather than decreeing . . . what it will *tomorrow* be." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 549 (1991) (Scalia, J., concurring) (emphasis in original).

3