# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE ZICCARELLI,

                                2:20-cv-01831-NR

             Plaintiff,

     v.

THE ALLEGHENY COUNTY
BOARD OF ELECTIONS, *et al,*

          Defendants.
_____

### ALLEGHENY COUNTY DEFENDANTS'
### MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P.12(b)(6)[1], Fed. R. Civ. P. 56, and in compliance with this Honorable Court's Order at ECF # 43, Defendants Allegheny County Board of Elections ("AC BOE"), Rich Fitzgerald, Samuel Demarco, and Bethany Hallam, ("Allegheny County Defendants") file this MOTION TO DISMISS/MOTION FOR SUMMARY JUDGEMENT.

1.      Ms. Ziccarelli's Amended Complaint consists of two counts against all Defendants:

            Count I:       Section 1983 Equal Protection

            Count II:      Section 1983 Due Process

2.      The Allegheny County Defendants are entitled to absolute immunity from Plaintiff's §1983 Equal Protection and Due Process Claims because the action taken was pursuant to a court

---

[1] All statutory and case citations contain hyperlinks to Westlaw.com.

order. Action taken pursuant to a facially valid court order receives absolute immunity from §1983 lawsuits. *Hamilton v. Leavy*, 322 F.3d 776, 782–83 (3d Cir. 2003).

3.      The Amended Complaint should be dismissed because there is no case or controversy. The jurisdictional statutes under which Ms. Ziccarelli has brought suit require that there be a "case of actual controversy" against AC BOE to allow her lawsuit to go forward. 28 U.S.C. § 2201(a).  On November 25, 2020, before it was served with the Complaint filed in this lawsuit, the AC BOE had already completed the certification of the 2020 General Election and sent that certification to the Secretary of State.  There is no action remaining that AC BOE can be enjoined from committing and no action Ms. Ziccarelli needs to obtain from AC BOE in order to obtain relief.  Thus, there is no actual controversy against AC BOE and it should be dismissed from this case.

4.      Ms. Ziccarelli's §1983 claims against the Allegheny County Defendants are without any viable legal basis and must be dismissed because Ms. Ziccarelli does not allege an official policy or custom of Allegheny County. *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978). Furthermore, the action Allegheny County took in amending its certification and counting the undated ballots was done because it was under a lawful court order from the Pennsylvania Supreme Court to do so.  Consequently, Ms. Ziccarelli cannot prove Allegheny County was the "moving force" (as required by *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000)) behind any harm that Ms. Ziccarelli suffered.

5.      In accordance with this Honorable Court's order at ECF #43, the Allegheny County Defendants join in the arguments of all other Defendants and Intervenors.

WHEREFORE, for these reasons and those contained in the simultaneously filed brief, as well as for all reasons set forth by all other Defendants and Intervenors, the Allegheny County Defendants respectfully request that this MOTION be GRANTED.

Respectfully submitted,

s/Andrew F. Szefi
Andrew F. Szefi
County Solicitor
Pa. I.D. #83747

ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1120
aszefi@alleghenycounty.us

s/ Virginia Spencer Scott
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647

ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1173
vscott@alleghenycounty.us

s/ Frances M. Liebenguth
Frances M. Liebenguth
Assistant County Solicitor
Pa I.D. #314845
ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1120
Frances.Liebenguth@alleghenycounty.us