# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE ZICCARELLI,

        Plaintiff,

  v.

THE ALLEGHENY COUNTY
BOARD OF ELECTIONS, *et al*,

        Defendants.

2:20-cv-01831-NR

**BRIEF IN SUPPORT OF ALLEGHENY COUNTY DEFENDANTS'**
**MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. Factual History ............................................................................................................ 2

II. Argument ................................................................................................................... 2

A. Defendants are Entitled to Absolute Immunity ........................................................ 2

B. No Justiciable Controversy as to Allegheny County Defendants ............................ 5

C. Ms. Ziccarelli Does Not Have a Valid Section 1983 Cause of Action .................... 7

III. Conclusion ................................................................................................................ 9

## I. Factual History

In accordance with this Honorable Court's Order, The Allegheny County Defendants hereby incorporate by reference the Parties' Stipulated Undisputed Facts filed at ECF # 45.

## II. Argument

### A. Allegheny County Defendants are Entitled to Absolute Immunity

Defendants Allegheny County Board of Elections ("AC BOE"), Rich Fitzgerald, Samuel Demarco, and Bethany Hallam, ("Allegheny County Defendants") are entitled to absolute immunity from Plaintiff's §1983 Equal Protection and Due Process Claims because the action taken was pursuant to a court order. Action taken pursuant to a facially valid court order receives absolute immunity from §1983 lawsuits. *Hamilton v. Leavy*, 322 F.3d 776, 782–83 (3d Cir. 2003). Whether a defendant is entitled to absolute immunity is a question of law. *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) ("Absolute immunity is an issue of law...."); *In re Montgomery County*, 215 F.3d 367, 372 (3d Cir. 2000) ("Absolute immunity is a purely legal question ....")  The Third Circuit in *Wolfe v. City of Pittsburgh* held that the City of Pittsburgh was entitled to absolute immunity from §1983 liability because it was acting pursuant to a 1979 court order that established quotas for promotions and therefore City had not deliberately adopted an "official policy" other than to follow the law. *Wolfe v. City of Pittsburgh*, 140 F.3d 236, 240 (3d Cir. 1998). See also *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit.")

On November 10, 2020, the AC BOE decided during a meeting, by a vote of 2-1, to count undated mail-in/absentee ballots. (ECF #45, *Stipulated Facts*, ¶ 33.) On November 12, 2020, Ms.

Ziccarelli appealed the AC BOE's decision to count undated mail in/absentee ballots to the Allegheny County Court of Common Pleas. (ECF #45, *Stipulated Facts* ¶ 34.) The Allegheny County Court of Common Pleas issued a Memorandum and Order of Court on November 18, 2020 dismissing Ms. Ziccarelli's appeal and affirming the decision of the AC BOE. (ECF #46, *Stipulated Facts*, ¶¶ 35,36.) The Memorandum and Order of Court states:

> The Court finds that the Board properly overruled Petitioner's objections to the 2,349 challenged mail-in ballots. ***These ballots must be counted***. The Petition for Review is denied and the Board's decision is affirmed.

(emphasis added) (ECF #29-1, pg. 5, *Exhibit A, Amended Complaint*.) Ms. Ziccarelli appealed the Common Pleas Court decision to the Commonwealth Court of Pennsylvania which then reversed the decision of the Common Pleas Court. (ECF #45, *Stipulated Facts*, ¶ 38,39.) The AC BOE filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court granted on November 20, 2020.[1] (ECF #45, *Stipulated Facts*, ¶ 41.)

Before the Supreme Court's decision was issued in this matter, on November 23, 2020, the AC BOE certified the results of the 2020 General Election, which results included a separate tally of the undated ballots at issue which ***were not included in the overall total votes counted***. (ECF #45, *Stipulated Facts*, ¶ 53.) Later that day, on November 23, 2020, the Pennsylvania Supreme Court issued a decision in 29 WAP 2020, reversing the decision of the Commonwealth Court and reinstating the decision of the Common Pleas Court. (ECF #45, *Stipulated Facts*, ¶ 42; ECF #29-1, pg. 75, *Exhibit C, Amended Complaint*.) The Opinion Announcing Judgment of the Court, authored by Justice Donohue and Joined by Justice Todd and Bear states.

---

[1] The Pennsylvania Supreme Court consolidated the Allegheny County appeal with a series of appeals from Philadelphia County. (ECF #45, *Stipulated Facts*, ¶41.)

> We have conducted that analysis here and we hold that a signed but undated declaration is sufficient and does not implicate any weighty interest. Hence, the lack of a handwritten date ***cannot result in vote disqualification.***

(emphasis added)(ECF #29-1, pg. 62, Ex*hibit C, Amended Complaint*.)  In Justice Wecht's decision joining Justices Donohue, Todd, and Baer in the ultimate judgment issued by the Court reinstating the decision of the Court of Common Pleas, he makes clear that the undated ballots at issue here must be counted.

> Thus, in future elections, I would treat the date and sign requirement as mandatory in both particulars, with the omission of either item sufficient without more to invalidate the ballot in question.  However, under the circumstances in which the issue has arisen, I would apply my interpretation only prospectively. So despite my reservations about the OAJC's analysis, I concur in its disposition of these consolidated cases.

(ECF #29-1, pg. 72, *Exhibit E, Amended Complaint*.)

> But just because I disagree with the OAJC's interpretation of the date and sign requirement does not inexorably lead me to the conclusion that the votes at issue in this case must be disqualified….
> [I]t would be unfair to punish voters for the incidents of systemic growing pains.

(ECF #29-1, pp. 99,102, *Exhibit E, Amended Complaint*.) Furthermore, Ms. Zicarelli admitted in her own Complaint that a majority of the Supreme Court concluded that the signed but undated mail-in ballots ***should be counted***.

> This is an action concerning, *inter alia*, the Pennsylvania Supreme Court's recent decision in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, No. 29 WAP 2020 (filed Nov. 23, 2020), where a majority of the Court concluded that 2,349 signed but undated mail-in ballots ("Disputed Ballots") in Allegheny County were *invalid*, but where a separate majority of the Court concluded nonetheless that (they)[sic] should be *counted*.

(emphasis in original) (ECF #1, ¶1, *Complaint*.) The AC BOE on November 25, 2020, pursuant to the Supreme Court's decision and order, approved an amended certification which included the undated ballot totals and submitted that amended certification to Secretary Boockvar. (ECF #45, *Stipulated Facts*, ¶ 52.)

It is clear from both from the face of Ms. Ziccarelli's Complaints as well as from the undisputed facts that the Allegheny County Defendants were acting pursuant to a facially valid court order when they acted to approve the amended certification. The Allegheny County Defendants are therefore entitled to absolute immunity from §1983 liability.

**B. No Justiciable Controversy as to Allegheny County Defendants**

On November 25, 2020, before it was served with the Complaint filed in this lawsuit, the AC BOE had already completed the certification of the 2020 General Election and sent that certification to the Secretary of State. There is no action remaining that AC BOE can be enjoined from committing and no action Ms. Ziccarelli needs from AC BOE in order to obtain relief. Ms. Ziccarelli's Amended Complaint only seeks relief from the State. Thus, there is no actual controversy against AC BOE and it should be dismissed from this case.

Ms. Ziccarelli's Amended Complaint seeks four items of relief. None of the requested relief actually pertains to AC BOE, and Ms. Ziccarelli does not need AC BOE in this litigation to obtain any of the relief she seeks. Ms. Ziccarelli seeks: 1) a declaratory judgment that the AC BOE's certification and the Secretary of State's acceptance of the certification was unconstitutional; 2) an injunction against the Secretary of State certifying the election results as they relate to the 45th Senatorial District; 3) attorney fees and costs; and, 4) further relief as may be proper. (ECF #29, pg. 13, *Amended Complaint*.)

The jurisdictional statutes under which Ms. Ziccarelli has brought suit require that there be a "case of actual controversy" against AC BOE to allow her lawsuit to go forward. 28 U.S.C. § 2201(a). Since 2007, the Supreme Court has used the *MedImmune* test to establish whether a case of actual controversy exists. *MedImmune* requires a "totality-of-the-circumstances" approach and held that a controversy is justiciable if it is, "'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007) quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461 (1937). A dispute requires both "immediacy" and "reality" to warrant issuance of declaratory judgment. *Team Angry Filmworks, Inc. v. Geer*, 214 F.Supp. 432, 444 (W.D.Pa. 2016). In the present action, there are neither. For there to be "adverse legal interests" there must be a "substantial threat of real harm and that the threat 'must remain real and immediate throughout the course of the litigation.'" *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994) (internal quotation marks omitted) (quoting *Salvation Army v. Dep't of Cmty. Affairs*, 919 F.2d 183, 192 (3d Cir. 1990).

Ms. Ziccarelli has stipulated that the AC BOE has already amended its certification and delivered it to the Secretary of State. (ECF #45, *Stipulated Facts*, ¶¶ 52, 54, 55.) AC BOE's role in the certification process became complete on November 25, 2020 and it has no future role in the voting process. It is also undisputed that AC BOE amended its certification only after the Pennsylvania Supreme Court issued its decision ordering that it count the undated ballots. Thus, as a matter of law, AC BOE's involvement in the 2020 General Election is concluded. There are no remaining actions for it to undertake and there is no controversy remaining as to AC BOE for this Court to resolve. Simply put, there is no real or immediate threat of harm to Ms. Ziccarelli that would be remedied by AC BOE being in this lawsuit. There is also no relief that

she can obtain from AC BOE that is material to her case. For these reasons, AC BOE should be dismissed from this lawsuit.

### C. Ms. Ziccarelli Does Not Have a Valid Section 1983 Cause of Action

Ms. Ziccarelli has sued the Allegheny County Board of Elections and the three members of its Board (Rich Fitzgerald, Samuel DeMarco, and Bethany Hallam). All of the Board members have been sued only in their official capacities. Thus, the only actual defendant is Allegheny County (improperly identified as the Allegheny County Board of Elections). *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Federal law requires that in order to hold a municipal government liable for a constitutional violation of someone's rights, more is required than just pleading a constitutional violation. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692 (1978). *Monell* requires that Ms. Ziccarelli establish 1) a constitutional violation, 2) a policy or custom of the municipality, and 3) a causal connection between the two. *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (*emphasis added*) (a Section 1983 plaintiff, "must demonstrate that the violation of his rights was caused by either a *policy* or a *custom* of the municipality.")

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). A custom has been characterized as a practice that, while not formally adopted as a municipal policy, is so pervasive that it carries with it, "the force of law." *Natale*, 318 F.3d at 584 (quoting *Bd. of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)).

7

Once a municipal policy or custom has been adequately identified, a plaintiff must then demonstrate that, "through its *deliberate* conduct, the municipality was the '*moving force*' behind the injury alleged." Berg v. County of Allegheny, 219 F.3d at 275 (*emphasis added*). "If . . . the policy or custom does not facially violate federal law, causation can be established only by 'demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice.'" Id. (quoting Bd. of County Commissioners of Bryan County, Okl. v. Brown, 520 U.S. 397, 407 (1997)). As such, "[t]he burden on a plaintiff seeking to establish municipal liability in a § 1983 claim is quite high." King v. County of Gloucester, 302 Fed. Appx. 92, 99 (3d Cir. 2008).

Ms. Ziccarelli's lawsuit fails because she cannot satisfy *Monell's* requirements of pleading a cause of action against the municipal government of Allegheny County. Furthermore, no amendment of the Complaint would cure this defect. While Ms. Ziccarelli could add additional words to an Amended Complaint, she could not alter the underlying facts that the action Allegheny County took in amending its certification and counting the undated ballots was done because it was under a lawful court order from the Pennsylvania Supreme Court to do so. Allegheny County's action was not a "policy" or "custom" it was a mere ministerial act of carrying out an order of court. Nothing Allegheny County did was the "moving force" (as required by Berg v. County of Allegheny, 219 F.3d at 275) behind any harm that Ms. Ziccarelli suffered.

Ms. Ziccarelli has failed to plead a cause of action against Allegheny County BOE under Section 1983. The Amended Complaint should be dismissed.

### III. CONCLUSION

For the forgoing reasons and for all reasons set forth by all other Defendants and Intervenors, the Allegheny County Defendants respectfully request that its Motion be GRANTED.

Respectfully submitted,

<u>s/Andrew F. Szefi</u>
Andrew F. Szefi
County Solicitor
Pa. I.D. #83747

ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1120
aszefi@alleghenycounty.us

<u>s/ *Virginia Spencer Scott*</u>
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647

ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1173
vscott@alleghenycounty.us

<u>s/ *Frances M. Liebenguth*</u>
Frances M. Liebenguth
Assistant County Solicitor
Pa I.D. #314845
ALLEGHENY COUNTY LAW DEPARTMENT
Firm #057
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-1120
Frances.liebenguth@alleghenycounty.us