# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE ZICCARELLI, | : : | No.__ 2:20-cv-01831-NR |
| | : : | |
| Plaintiff, | : : | (*filed electronically*) |
| | : : | |
| v. | : : | |
| | : : | |
| THE ALLEGHENY COUNTY BOARD OF ELECTIONS, RICH FITZGERALD, in his official capacity as a Member of the Allegheny County Board of Elections, SAMUEL DEMARCO, in his official capacity as a member of the Allegheny County Board of Elections, BETHANY HALLAM, in her official capacity as a member of the Allegheny County Board of Elections, and KATHY BOOCKVAR, in her official capacity as the Secretary of the Commonwealth of Pennsylvania, | : : : : : : : : : : | |
| | | |
| Defendants. | | |

### ~~VERIFIED~~FIRST AMENDED COMPLAINT

Plaintiff Nicole Ziccarelli ('Ziccarelli'), by and through her undersigned counsel, ~~brings~~brings this ~~Verified~~First Amended Complaint against Defendants the Allegheny County Board of Elections ~~(the 'Board')~~, Rich Fitzgerald, Samuel DeMarco, Bethany Hallam, (collectively, the 'Board ~~Defendants~~'), and Kathy Boockvar ('Secretary') ~~(collectively, the 'Defendants')~~, and in support thereof ~~aver~~avers as follows:

~~I.PRELIMINARY STATEMENT~~

~~**1.**This is an action concerning, *inter alia*, the Pennsylvania Supreme Court's recent decision in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, No. 29 WAP 2020 (filed Nov. 23, 2020), where a majority of the Court concluded that 2,349 signed~~

~~but undated mail-in ballots ('Disputed Ballots') in Allegheny County were *invalid*, but where a separate majority of the Court concluded nonetheless that should be *counted*.~~

2. Following this decision, the Board announced its intention to convene today, November 25, 2020, to amend the certification of its 2020 General Election results. It is anticipated that the Board will amend its certification to include the Disputed Ballots.

3. Although the Disputed Ballots will be counted in Allegheny County, ballots with the same defect in other counties, such as Westmoreland County, have not been counted.

4. As the Supreme Court has recognized, the right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1866).

5. Yet, the unequal treatment across counties of ballots with the same defect dilutes the power of the vote constitutes a substantive due process and equal protection violation.

6. Ziccarelli seeks immediate injunctive relief: (a) prohibiting the Board from amending certification of the 2020 General Election Results; and (b) prohibiting the Secretary from receiving the results because of this pending action. Inasmuch as the Board intends to amend its certification today, Ziccarelli's need for relief is immediate.

## I. ~~II.~~ JURISDICTION AND VENUE

1. ~~7.~~ Because this action alleges a violation of the United States Constitution, it raises a

federal question, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

2. ~~8.~~ Further, declaratory relief is proper pursuant to 28 U.S.C. §§ 2201 & 2202.
~~9.~~

3.     Venue is proper in the Western District of Pennsylvania under 28 U.S.C.
§ 1391(b)(2) because a substantial portion of the events or omissions giving rise to the present claim occurred in the district.


## II.     ~~III.~~ PARTIES

4.     ~~10.~~ Plaintiff Nicole Ziccarelli is the Republican candidate for Pennsylvania Senate from the 45th Senatorial District, which encompasses parts of Allegheny and Westmoreland Counties. Ziccarelli is a qualified elector residing in Westmoreland County who voted in person on Election Day, for herself, for Senator in the 45th Senatorial District.

5.     The unconstitutional actions of the Defendants complained of herein are the difference between Plaintiff Ziccarelli prevailing or not in the election for Senator representing the 45th Senatorial District.

6.     ~~11.~~ Defendant the Allegheny County Board of Elections is a local governmental agency generally responsible for overseeing the conduct of all elections in Allegheny County. *See* 25 P.S. § 2642 (detailing the powers and duties of the county boards of election); *see also* City of Pittsburgh Charter, Art. X, § 1.10-1006.

7.     ~~12.~~ Defendant Rich Fitzgerald is a member of the Board.

8.     ~~13.~~ Defendant Sam DeMarco is a member of the Board.

9.     ~~14.~~ Defendant Bethany Hallam is a member of the Board.

10.     ~~15.~~ Defendant Kathy Boockvar is the Secretary of the Commonwealth. The Secretary has duties under the Election Code to, *inter alia*, receive certified results from county boards of election. *See* 25 P.S. §§ 2621 & 3159 (detailing the powers and duties of the Secretary and the

Secretary's tabulation of votes upon receipt of certified returns, respectively).

### III. ~~IV.~~FACTUAL ALLEGATIONS

**A.    Background and Facts on Mail-in Ballots**

11. ~~16.~~On October 31, 2019, Governor Tom Wolf signed Act 77 of 2019 into law, Act of

October 31, 2019, P.L. 552, No. 77, which, among other things, authorized widespread mail-in

voting in Pennsylvania, whereby any registered voter could apply for a mail in ballot and vote by

submitting the same to the appropriate county board of elections.

~~17.Under Pennsylvania's recently implemented mail-in voting regime, any registered elector whose application for a mail-in ballot has been approved, may vote by submitting that ballot to the appropriate county board of elections.~~

12. ~~18.~~With regard to the voters who have opted to vote by mail-in ballot, Section

3150.16(a) of the Pennsylvania Election Code provides, among other things, that the elector must

mark the ballot by eight o'clock p.m. on the day of the election, securely seal it in the secrecy

envelope, and place it inside a second envelope bearing a voter declaration form attesting:

(i)    that the elector is qualified to vote in that particular election; and (ii) that the elector has

not already voted in that election (the "Voter Declaration"). *See* 25 P.S. § 3150.16(a).

13. ~~19.~~Section 3150.16(a) provides that "the elector shall . . . fill out, *date* and sign the

[Voter Declaration]" prescribed by statute. 25 P.S. § 3150.16(a) (emphasis added).

14.    On September 28, 2020, the Secretary of the Commonwealth issued guidance to all

boards of election, which provided as follows: "At the pre-canvass or canvass, as the case may

be, the county board of election[] should … [s]et aside any ballots without a filled out, dated and

signed declaration envelope." *See In Re: 2,349 Ballots in the 2020 General Election (Appeal of

Nicole Ziccarelli)*, No. 1162 CD 2020, slip op. at 6 (Pa. Cmwlth. Nov. 19, 2020) (quoting

Secretary's guidance).

**B.    The November 2020 General Election and Counting Ballots in Allegheny County**

15.   20. The 2020 General Election was conducted on November 3, 2020, marking the first

time a general election was conducted under the mail-in voting regime established by Act 77.

21.

16. In Allegheny County, an estimated 350,000 mail-in ballots were received by the Board.

22. In Westmoreland County, an estimated 60,000 mail-in ballots were received by the Westmoreland County Board of Elections.

17. In Allegheny County, the Board segregated The Board received 2,349 ballots that were where the Voter Declaration was signed but was undated, the Disputed Ballots (2,349 ballots), and ('the Defective Ballots').

18. Through a series of decisions described below, the Board adopted as its policy and practice the intentional violation of 25 P.S. § 3150.16(a), as demonstrated by its serial votes to accept and count the Defective Ballots, despite the prohibition in Election Code against doing so, despite guidance from the Secretary against doing so, and despite any court order requiring it to do so.

19. The Board conducted a virtual meeting on November 10, 2020 to consider whether the Disputed Defective Ballots should be set aside as invalid or canvassed in accordance with Section 3146.8 of the Election Code, 25 P.S. § 3146.8.

24. The.

20. During the virtual meeting the Board decided, by a vote of 2-1, to proceed with canvassing the Disputed Defective Ballots.

21. 25. In Westmoreland County, 343 mail-in ballots containing the identical defect (i.e., signed but undated) were not counted. The Board made the intentional and purposeful decision, on its own, to count the Defective Ballots despite the mandate from the General Assembly in 25 P.S. § 3150.16(a) requiring a date on the Voter Declaration.

**C.    Allegheny County Court of Common Pleas Petition for Review and Commonwealth Court Appeal**

22. 26. On November 12, 2020, Ziccarelli filed with the Allegheny County Court of

4

Common Pleas a Petition for Review in the Nature of an Appeal of the Board's intentional decision to canvass the Disputed Defective Ballots with the. *See In Re: 2,349 Ballots in the 2020 General Election*, No. GD 20-011654 (C.P. Allegheny) (captioned by the court as *Ziccarelli v. Allegheny County* Court *Board* of Common Pleas *Elections*).

27.

23. The trial court conducted a hearing on November 17, 2020, and denied the Petition for Review ~~and affirmed the Board by Memorandum and Order dated~~on November 18, 2020.

24. The trial court's November 18 Order, stated in total, as follows:

And NOW, this 18th day of November 2020, upon consideration of the Petition for Review In the Nature Of A Statutory Appeal filed by Nicole Ziccarelli, and any responses thereto, it is hereby ORDERED that Petitioner's appeal is dismissed and the decision of the Board of Elections is affirmed.

*See* Memorandum and Order of the Court, No. GD 20-011654 (Exhibit A).

25. ~~28.~~On November 18, 2020, Ziccarelli appealed ~~that~~the Common Pleas Court decision to the Commonwealth Court of Pennsylvania. ~~The Commonwealth Court of Pennsylvania reversed and remanded by decision dated November 19, 2020.~~ *See In ~~re~~Re: 2,349 Ballots in the 2020 General Election (Appeal of: Nicole Ziccarelli)*, No. 1162 CD 2020~~, slip op.~~ (Pa. Cmwlth. ~~filed Nov.~~).

26. On November 19, 2020, the Commonwealth Court of Pennsylvania reversed the trial court's order and remanded for further proceedings. *See* Memorandum Opinion and Order, No. 1162 CD 2020 (Exhibit B).

27. ~~29.The~~In turn, on November 20, 2020, the Board filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which the Supreme Court granted on November 20, 2020 and docketed at 29 WAP 2020. The Court then consolidated the Allegheny County appeal with a series of appeals from Philadelphia County.

~~30.On November 23, 2020, prior to the issuance of the Supreme Court's decision in this matter, the Board certified its election results, *excluding* any certification of the Disputed Ballots.~~

**D. Pennsylvania Supreme Court Decision**

28. ~~31.~~On November 23, 2020, ~~the~~a split Pennsylvania Supreme Court issued the Opinion

5

Announcing Judgment of the Court (OAJC) in *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, ~~No.~~ Nos. 31-35 EAP 2020 & 29 WAP 2020~~.~~

~~32.~~ ~~Therein, with respect to the Disputed Ballots, the three justices who joined the OAJC concluded that the Disputed Ballots "were received by the boards of election by 8:00 p.m. on Election Day, so there is no danger that any of these ballots was untimely or fraudulently back-dated." *In Re: Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election, slip op. at 30.*~~ (all opinions of the Supreme Court attached as Exhibits C-E).

~~32.~~ ~~33.~~ Although acknowledging that the Election Code requires an elector to sign **and date** a ballot, the three justices ~~in~~ —i.e., *not* a majority— joining the OAJC nonetheless determined

that such instruction was directive rather than mandatory; thus, an elector's failure to comply with the statutory obligation in this case was not a reason to invalidate the ballots. *Id.*, slip op. at 29-30. (Exhibit C).

30. 34. In a concurring and dissenting opinion, which Chief Justice Saylor and Justice Mundy joined, Justice Dougherty expressly disagreed with the three justices on the OAJC about undated ballots, and explained that "the statutory language expressly requires that the elector provide" a date and signature on mail-in ballots. *Id.* (Dougherty, J., concurring and dissenting). (Exhibit D).

31. 35. Justice Wecht also filed a concurring and dissenting opinion in which he too concluded that mail-in ballots must be dated, stating that he was "part[ing] ways with the conclusion . . . that a voter's failure to comply with the statutory requirement that voters date the voter declaration should be overlooked as a 'minor irregularity.'" *Id.* (Wecht, J., concurring and dissenting) (Exhibit E). Justice Wecht reasoned that these requirements for signing and dating a mail-in ballot are "stated in unambiguously mandatory terms, and nothing in the Election Code suggests that the legislature intended that courts should construe its mandatory language as directory." *Id.* (footnote omitted).

32. 36. Thus, between the three justices signing onto Justice Dougherty's opinion and Justices Wecht's opinion, four justices—i.e., a majority—concluded that the Election Code requires mail-in ballots to be ~~date~~dated before they can be canvassed.

33. 37. However, despite this, Justice Wecht concluded he would apply his interpretation prospectively, and thus, ultimately, his decision on prospective only relief meant that four justices had voted to reverse the Commonwealth Court and reinstate the Allegheny County Court of Common Pleas decision.

6

38. On November 24, 2020, Ziccarelli filed an application for reargument with the Supreme Court that has not yet been ruled upon.

34. The Supreme Court did not enter a standalone order encompassing the results of the three opinions, instead, the following passage from the OAJC announced the formal result as it concerned the Board's treatment of the Defective Ballots: "The decision of the Commonwealth Court is hereby reversed and the decision of the Allegheny County Court of Common Pleas is reinstated." *See* OAJC, slip op. at 34.

35. Critically, in only "reinstat[ing]" the Allegheny County Court of Common Pleas decision, the Supreme Court did *not* order the Board to canvass the Defective Ballots; this is so because the express order of the Allegheny County Court of Common Pleas only affirmed the Board's independent and intentional decision to canvass the Defective Ballots.

36. In other words, both the Supreme Court and the Allegheny County Court of Common Pleas *ratified* the independent and intentional decision of the Board to count the Defective Ballots, rather than *ordered* the Board to count them.

37. ~~39.~~Following the Supreme Court's decision ~~in *In Re: Canvass of Absentee and Mail- in Ballots of,*~~ on November ~~3~~25, 2020 ~~General Election~~, the Board ~~announced its intention to amend its certification of~~ intentionally canvassed and certified the results~~.~~

~~40.~~Presumably, from the ~~Board will include the Disputed~~Defective Ballots ~~in this amended certification~~to Secretary Boockvar, despite ~~the fact that~~ a majority of the Supreme Court ~~held~~finding that such ballots ~~not in compliance with these requirements are invalid.~~

~~41.Currently, Ziccarelli has 66,012~~were invalid under the Election Code and despite the absence of a court order requiring the Board to count the Defective Ballots.

38. Further, on or about November 28, 2020, Secretary Boockvar intentionally accepted the certified final returns from the Board concerning the Defective Ballots, despite a majority of the Supreme Court finding that such ballots were invalid under the Election Code and despite the absence of a court order requiring the Board to count the Defective Ballots.

7

39.     The Board's purposeful and intentional decisions to canvass and certify the

Defective Ballots, and the Secretary accepting the same, resulted in Ziccarelli's electoral opponent,

candidate Jim Brewster (D), netting an additional 93 votes ~~and~~in the ~~Democrat Candidate~~race for the 45th Senatorial District,.

40: In total, ~~Jim~~the Board certified 57,782 votes for Brewster, ~~has 65,992~~ and certified 51,561 votes

for Ziccarelli.

41: As of the date of this First Amended Complaint, with Allegheny County and Westmoreland County returns totaled, Ziccarelli has 66,121 votes and Brewster has 66,194 votes, which constitutes a ~~20~~73 vote lead for Brewster, but which should be a 20 vote lead for Ziccarelli if only valid ballots were counted.

42: The foregoing vote tallies *include* the 93 votes candidate Brewster netted after the Board canvassed and certified the results from the Defective Ballots.

43: As of the date of this First Amended Complaint, neither Ziccarelli nor Brewster has been declared the winner based on receiving the most votes, *see* 25 P.S. § 3167, nor has Secretary Boockvar has issued a certificate of election to either candidate in the race for the 45th Senatorial District, *see* 25 P.S. § 3164.

44: The Board's unlawful, intentional decision to count and certify the results of the Defective Ballots, and the Secretary's intentional decision to accept the same, changed the results of the 2020 General Election for the 45th Senatorial District.

**E.     The November 2020 General Election and Counting Ballots in Westmoreland County**

45: In Westmoreland County, an estimated 60,000 mail-in ballots were received by the Westmoreland County Board of Elections for the November 2020 General Election.

46: The Westmoreland County Board of Elections received 343 mail-in ballots where the Voter Declaration was signed but undated ("the Westmoreland Defective Ballots").

8

47. On November 13, 2020, a member of the three-member Westmoreland County Board of Elections proposed a motion to count the Westmoreland Defective Ballots, but the motion did not receive a second.

48. Thus, between November 13, 2020 and November 20, 2020, the Westmoreland Defective Ballots were not counted.

49. On November 30, 2020, a member of Westmoreland County Board of Elections again proposed a motion to count the Westmoreland Defective Ballots, but the motion again did not receive a second.

50. Thereafter, on November 30, 2020, the Westmoreland County Board of Elections certified to Secretary Boockvar its final election results, which certification *did not* include any count of the Westmoreland Defective Ballots.

51. In total, the Westmoreland County Board of Elections certified 8,412 votes for Brewster and certified 14,560 votes for Ziccarelli.

52. ~~42.~~Upon information and belief, Secretary Boockvar intentionally accepted the ~~Disputed Ballots will yield approximately 100 net votes for Jim Brewster~~ certified final returns from Westmoreland County.

53. ~~43. Accordingly, the counting of the Disputed Ballots will change the results of the 2020 General Election for the 45th Senatorial District.~~Thus, persons in Allegheny County who improperly submitted a signed and undated Voter Declaration had their ballots counted for the 45th Senatorial District, whereas identically situated persons in Westmoreland County who improperly submitted a signed but undated Voter Declaration had their ballots not counted for the 45th Senatorial District.

54. The foregoing led directly to Plaintiff Ziccarelli going from the presumptive winner of the 45th Senatorial District to the presumptive loser.

9

**COUNT I**

### Section 1983 – Equal Protection and One Person, One Vote

55. 44. Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

56. 45. The principle of one person, one vote requires that courts seek to 'insure that each

person's vote counts as much, insofar … as practicable, as any other person's," *Hadley v. Junior College Dist. Of Metropolitan Kansas City, Mo.*, 90 S.Ct. 791, 794 (1970).

57. 46. The Equal Protection Clause of the 14th Amendment requires that all persons

similarly situated be treated alike.

58. 47. Voting discrepancies that dilute a qualified elector's right to vote are

constitutionally infirm. *Id.*

59. 48. Nor may a state, 'by later arbitrary and disparate treatment, value one person's vote

over that of another,"; including voters in different counties of the same state. *Bush v. Gore*, 121

S.Ct. 525, 530-531 (2000).

60. 49. The ~~Pennsylvania Supreme Court, by simultaneously ruling that mail-in ballots lacking the statutorily required date information are invalid, but applying its ruling prospectively, engaged in~~ Board's intentional and improper decision to count the Defective Ballots

yielded arbitrary and disparate treatment ~~that treated~~, contrary to the Election Code, which had the effect of treating voters in the 45th Senatorial District differently depending on which of the

two counties comprising that District the voter resides. Specifically, as a result of the

~~Court~~Board's improper decision~~, voters~~ to count and certify the result of the Disputed Ballots,

persons with undated mail-in ballots in Allegheny County will have their ballots counted, while

~~voters~~persons with undated mail-in ballots in Westmoreland County will *not* have their ballots

counted.

61. 50. Moreover, ~~Ziccarelli voters~~persons who voted in complete compliance with the

81(

Election Code in

both counties——including Ziccarelli herself——had their votes diluted, as ~~otherwise~~ identical

invalid ballots were not counted in Westmoreland County but were counted in Allegheny County. ~~In Allegheny County the canvass of the Disputed Ballots would increase Brewster's vote count by an amount~~

~~that would provide Brewster with an approximate 74 vote lead, which is enough to switch an electoral win for Ziccarelli to a loss.~~

~~51. Based on the Pennsylvania Supreme Court's judgment, mail-in ballots will be counted or not counted based solely on the happenstance of which county election board reviews the ballot. Moreover, the Pennsylvania Supreme Court's arbitrary, prospective grant of relief perpetuated the Constitutional violation, rather than solved it.~~

~~62.~~6̲2̲. ~~As applied, the Pennsylvania Supreme Court's ruling on the~~ <u>The Board's</u> handling of ~~now clearly~~ invalid and defective mail-in ballots violates the

Constitution's mandate of one person, one vote.

~~63.~~6̲3̲. <u>Likewise, the Secretary's acceptance of the Board's improperly certified results regarding the Defective Ballots also violates the Constitution's mandate of one person, one vote.</u>

~~64.~~6̲4̲. <u>Finally, because the Defective Ballots are invalid under the plain language of the Election Code, as a majority of the Supreme Court agreed, the only proper outcome to remedy the Equal Protection violation is to remove the tally of the Defective Ballots from the final certified election results, since disqualifying such ballots reflects the General Assembly's express intent, whereas qualifying such ballots is against unambiguous legislative will as set forth in the Election Code.</u>

## COUNT II
### Section 1983 – Due Process

~~65.~~6̲5̲. ~~53.~~ Ziccarelli incorporates the foregoing paragraphs as if fully set forth herein.

~~66.~~6̲6̲. ~~54.~~ The right to vote is *the* "fundamental political right, because [it is] preservative of

all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). "Undoubtedly, the right of suffrage is a

fundamental matter in a free and democratic society." *Reynolds v. Sims*, 377 U.S. 533, 561-62

(1964).

67. ~~55.~~ ~~More than 51,452~~Over 50,000 residents of Allegheny County cast their lawful ballots for candidate

Nicole Ziccarelli, as did nearly 15,000 residents of Westmoreland County, including Ziccarelli herself, in the election for 45th Senatorial District (the 'Ziccarelli Voters').

68. ~~56.~~As alleged above, the Board ~~intends to count 2,349 mail-in ballots~~counted and certified the results of the Defective Ballots even though these ballots are invalid~~.~~

~~57.~~~~Specifically, notwithstanding that four justices of~~ under the Election Code, under the Secretary's guidance, and under the Pennsylvania Supreme Court ~~held this week that the absence of a handwritten date on the declaration of a mail-in ballot invalidates these ballots under the Pennsylvania Election Code,~~'s ruling on the merits of the appeal concerning the Defective Ballots.

69. As alleged above, the Secretary accepted the Board ~~intends to~~'s certified results of the count

of the Defective Ballots even though these ballots are invalid under the Election Code, under the Secretary's own guidance, and under the Pennsylvania Supreme Court's ruling on the merits of the appeal concerning the Defective Ballots.

70. ~~58.~~As a result, the Ziccarelli Voters ~~will~~ have had their votes unfairly and improperly

diluted because invalid ballots are being counted and included in the vote total.

71. ~~59.~~The votes of the Ziccarelli Voters ~~will be~~have been unfairly and improperly diluted

because they ~~will~~ have a~~been~~ diminished in force and effect due to the ~~invalid ballots~~Defective Ballots being counted by the Board, and accepted by the Secretary.

72. ~~60.~~This dilution of the votes of the Ziccarelli Voters violates ~~each such resident's~~the Due Process ~~rights~~Clause

of the Constitution and ~~their~~each voter's fundamental right to vote, which violation has led directly to Ziccarelli going from receiving the most votes, and prevailing, to receiving fewer votes, and not prevailing.

73. ~~61.Accordingly~~Further, the ~~Board~~Defendants's actions ~~will violate~~in canvassing the Defective Ballots, certifying the

results thereof, and accepting the certification effectively changed the rules of the election *after* the election had already been conducted, which further violates the Due Process Clause of the ~~United States~~ Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nicole Ziccarelli respectfully requests that this Court render a judgment in her favor and grant the following relief:

(1)     Issue a declaratory judgment that the Board's certification of the 2020 General

Election Results ~~to include~~<u>that included</u> the ~~Disputed~~<u>Defective</u> Ballots<u>, and the Secretary's acceptance of the certification,</u> is unconstitutional ~~as a violation of equal protection and due process provisions of the U.S. Constitution~~;

~~(2)~~ ~~Enjoin the Board and the Board Defendants from amending the certification of the 2020 General Election to include the Disputed Ballots; and~~

<u>12</u>

### Verification

I, Nicole Ziccarelli, have authorized the filing of this complaint. I am a citizen of the United States of America, a resident of the Commonwealth of Pennsylvania, and the Republican candidate for Senate from the 45th Senatorial District of the Commonwealth of Pennsylvania. I am a qualified elector residing in Westmoreland County who voted in the 45th Senatorial District. I have personal knowledge of the allegations set forth in the foregoing Verified Complaint, and if called on to testify I would competently testify as to the matters stated herein.

I have reviewed the allegations made in the complaint and the allegations are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on: November 25, 2020 in New Kensington, PA.

_____
Nicole Ziccarelli